**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KIMBERLY STARLING**, *on behalf of herself and all others similarly situated,*<br><br>*Plaintiff,*<br>v.<br><br>**ALLSTATE INSURANCE COMPANY,**<br><br>*Defendant.* | Civil Case No.: 1:25-cv-4000<br><br>**COMPLAINT - CLASS ACTION** |

## INTRODUCTION

1. This action arises out of the marketing practices of Defendant Allstate Insurance Company ("Defendant" or "Allstate") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Allstate makes, or has made on its behalf, prerecorded telemarketing calls soliciting its auto insurance products and services.

3. Plaintiff Kimberly Starling ("Ms. Starling" or "Plaintiff") received an unsolicited prerecorded voice call from Allstate soliciting its products and/or services.

4. Accordingly, Ms. Starling brings this action on behalf of herself and a class of similarly situated individuals.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has jurisdiction over Allstate because Allstate conducts business transactions in this District and is headquartered in this District, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

7. Venue is proper in this District because Defendant is a resident of this District and some of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Southlake, Texas.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is, and at all times mentioned herein was, a Delaware corporation headquartered in Northbrook, Illinois.

11. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## TCPA BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

### *Prohibition of Prerecorded or Artificial Voice Calls*

13. Section 227(b) of the TCPA prohibits making ***any*** call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A).

14. A violation of section 227(b) carries statutory damages of $500 to $1,500 per call. *See* 47 U.S.C. § 227(b)(3)(B) and (C).

*Vicarious Liability*

15. A person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declarator Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

16. An entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

**FACTUAL ALLEGATIONS**

17. Ms. Starling is the user of a cellular telephone number ending in 6140.

18. On July 16, 2024 at 1:13pm, Ms. Starling received an unsolicited prerecorded call from Allstate.

19. The call came from telephone number (817) 508-6963.

20. When Ms. Starling answered the phone and said "Hello," a prerecorded voice played, after an extended pause, and stated, "Hi. This is Jen from Allstate. How are you doing

today?"

21. Ms. Starling responded "good."

22. The prerecorded voice then stated, "Happy to hear that."

23. An audible click can be heard after the word "that."

24. The prerecorded voice went on to state, "I'm calling to let you know that we have an updated auto quote and can save you money on your car insurance. And, I will connect you with your local agent to review these savings, OK?

25. Ms. Starling asked which Allstate agency the call came from.

26. The prerecorded voice stated that "We are from Allstate calling about your car insurance."

27. The computerized system then connected Ms. Starling to Karon King with the Deborah Naulls agency in Lancaster, Texas.

28. Mr. King attempted to solicit Ms. Starling with auto insurance.

29. Ms. Starling did not provide her consent to receive prerecorded calls from Allstate.

30. Defendant's violations were negligent.

31. Alternatively, Defendant's violations were willful and knowing. For example, Defendant knew it was violating the TCPA, by placing prerecorded calls to cellular telephones, but continued doing so because it was a profitable way to solicit new customers.

32. Ms. Starling and the Class were damaged by the violations alleged herein, and their privacy was improperly invaded. Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted calls. The calls were annoying and a nuisance, and wasted the time of Ms. Starling and the Class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of

consumer "outrage" as to prerecorded calls).

## DEFENDANT'S LIABILITY

33. Upon information and belief, Defendant uses automated systems to make prerecorded or artificial voice telephone calls, to hundreds if not thousands of consumers across the U.S. in an attempt to screen for new customers and transfer the calls to its agencies.

34. These calls utilized an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b).

35. For violations of 47 U.S.C. § 227(b), Ms. Starling is entitled to a minimum of $500 per call. *See* 47 U.S.C. § 227(b)(3)(B).

36. Ms. Starling is entitled to $1,500 per call if Allstate's actions are found to be knowing or willful. See 47 U.S.C. § 227(b)(3)(C).

## CLASS ACTION ALLEGATIONS

37. Ms. Starling brings this action under Fed. R. Civ. P. 23 on behalf of the following Class defined as follows:

> Plaintiff and all persons within the United States who, from four years prior to the filing of this action through class certification, Defendant (or an agent acting on behalf of Defendant) called using an artificial or prerecorded voice message for the same purpose Plaintiff was called.

38. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families; and any claims for personal injury, wrongful death, and/or emotional distress.

39. The members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

40. The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

a. The time period(s) during which Defendant made its calls;

b. The telephone numbers to which Defendant called;

c. The telephone numbers for which Defendant had prior express written consent;

d. The purposes of such calls; and

e. The names and addresses of Class members.

41. Upon information and belief, the Class is comprised of hundreds, if not thousands, of individuals.

42. There are common questions of law and fact affecting the rights of the members of the Class, including, *inter alia*, the following:

a. Whether Defendant (or someone acting on its behalf) makes telemarketing calls;

b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

c. Whether Defendant (or someone acting on its behalf) makes prerecorded calls;

d. Whether Defendant's statutory violations were willful and knowing; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

43. Plaintiff is a member of the Class in that Defendant made prerecorded calls to Plaintiff without her prior express written consent.

44. Plaintiff's claims are typical of the claims of the members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

45. Plaintiff and Class members have also necessarily suffered concrete harm in addition to statutory damages, as all Class members spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

46. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

47. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent her and the Class.

48. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

49. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications.

50. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each Class member make individual actions uneconomical.

51. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
## Violations of the TCPA, 47 U.S.C. §227(b)
## (On behalf of Plaintiff and the Class)

52. Ms. Starling and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

53. Allstate placed, or had placed on its behalf, prerecorded telephone calls to Ms. Starling's and Class members' telephone numbers without prior express consent.

54. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b).

55. Allstate has therefore violated 47 U.S.C. § 227(b).

56. As a result of Allstate's unlawful conduct, Ms. Starling and the Class members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Ms. Starling and the Class members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 277(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Plaintiff KIMBERLY STARLING, on behalf of herself and others similarly situated,

By: /s/ Thomas A. Zimmerman, Jr.

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Tel: (312) 440-0020
Fax: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

Max S. Morgan
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Counsel for Plaintiff and the Putative Class*