**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KIMBERLY STARLING**, *on behalf of herself and all others similarly situated,*<br><br>*Plaintiff,*<br>v.<br><br>**ALLSTATE INSURANCE COMPANY,**<br><br>*Defendant*. | Case No.: 1:25-cv-4000<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's Order of May 29, 2025, Plaintiff Kimberly Starling ("Plaintiff") and Defendant Allstate Insurance Company ("Defendant") (collectively, the "Parties") submit this joint initial case management statement:

**1. Status of service of process upon each defendant.**

Defendant was served on April 15, 2025.

**2. Description of each party's claims and defenses.**

**Plaintiff's Claims**: Defendant caused unsolicited prerecorded phone calls to be sent to Plaintiff's cell phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Compl. ¶¶ 17–18. Plaintiff did not provide prior express consent to be called. *Id*. ¶ 29. Defendant is liable for causing the phone calls to be placed and for its vicarious liability for its agents' conduct in causing the phone calls to be placed. *Id*. ¶¶ 15–16; 33.

Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the following putative Class:

> Plaintiff and all persons within the U.S. who, from four years prior to the filing of this action through class certification, Defendant (or an agent acting on behalf of Defendant) called using an artificial or prerecorded voice message for the same purpose Plaintiff was called.

Compl. ¶ 37.

**<u>Defendant's Position</u>:** Plaintiff alleges in her complaint that, on July 16, 2024, she received an unsolicited prerecorded called from Allstate and was then subsequently transferred to a live agent who attempted to solicit auto insurance to her in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"). Plaintiff also claims that Allstate is liable for the prohibited calls under a vicarious liability theory, alleging that Allstate knew that it was violating the TCPA by allowing the prerecorded calls to be placed without her consent. Additionally, Plaintiff is seeking to bring a class action. Allstate denies all liability.

Defendant filed its Answer and Affirmative Defenses on May 23, 2023. (Dkt. 13) (the "Answer"). In its Answer, Allstate sets forth the following affirmative defenses: (1) Plaintiff's claims are barred by the doctrine of estoppel, waiver and/or unclean hands; (2) Plaintiff fails to state a claim for violation of the TCPA; (3) Plaintiff fails to establish causation for any alleged harm because Allstate did not make the alleged call at issue; (4) Plaintiff cannot establish concrete harm on behalf of herself or members of the putative class, nor does the type of harm alleged rise to the level required to confer Article III standing to sue; (5) the statue upon which Plaintiff relies does not create a private right of action; (6) Plaintiff cannot meet any of the class action prerequisites; (7) Plaintiff failed to mitigate her damages and/or her own conduct played a role in creating her alleged damages; (8) at all relevant times, Allstate's policies, practices and conduct was in compliance with applicable law; (9) Plaintiff fails to establish that Allstate is vicariously liable for the actions of any other person or entity; (10) Plaintiff is barred from recovering attorneys' fees under the TCPA; (11) Plaintiff's claims, and the claims of any putative class members, are barred because Plaintiff and/or the class member provided express or implied consent; (12) Plaintiff's claims, and the claims of any putative class members, are barred because there was an established business relationship with Allstate; (13) Plaintiff is equitably estopped

from asserting any claim by reason of her conduct, representations and/or omissions; and (14) Plaintiff's claims are barred because the interpretation and regulations imposed by the Federal Communications Commission (the "FCC") are not reasonable and are not entitled to judicial deference, including with respect to application of the Hobbs Act.

**3. Details regarding any discussions concerning settlement, whether before or after the filing of the lawsuit.**

Plaintiff reached out to Defendant to attempt to resolve the dispute prior to filing this lawsuit. However, Defendant did not respond. At this time, Plaintiff believes that class-related discovery is necessary in order to meaningfully engage in settlement discussions.

Defendant states that Plaintiff sent a joint demand to Allstate and an outside vendor regarding her claims and that the outside vendor responded to Plaintiff. Ultimately, however, no resolution was reached. Allstate is willing to participate in good faith in settlement negotiations and will consider any demand made by Plaintiff to resolve her individual claims. Allstate does not believe a settlement conference will likely result in a resolution of this dispute at this time and would suggest that the Court consider setting a settlement conference after the parties have completed discovery.

**4. Proposed discovery and pretrial schedule.**

| **Description** | **Agreed by Parties** | **Plaintiff's Proposed** | **Defendant's Proposed** |
|---|---|---|---|
| Deadline to Serve Initial Disclosures: | **June 27, 2025** | | |
| Deadline to Serve First Set of Discovery Requests: | **July 7, 2025** | | |
| Deadline to Substantially Complete Production in Response to First Set of Discovery Requests: | **October 6, 2025** | | |

| | | | |
|---|---|---|---|
| Deadline to Amend Pleadings to Add Parties: | **January 5, 2026** | | |
| Deadline to Issue Notices of Depositions with Agreed Upon Dates and Rule 45 Subpoenas: | **January 5, 2026** | | |
| Fact Discovery Completion Deadline: | | **September 30, 2026** | **May 6, 2026** |
| Plaintiff's Motion for Class Certification and Expert Disclosures: | | **May 8, 2026** | **June 5, 2026** |
| Defendant's Response to Motion for Class Certification and Expert Disclosures: | | **May 29, 2026** | **June 26, 2026** |
| Plaintiff's Reply to Motion for Class Certification and Rebuttal Expert Disclosures: | | **June 12, 2026** | **July 10, 2026** |
| Deadline to File Dispositive Motions: | **90 days after decision on Class Certification** | | |
| Pretrial Conference: | **TBD** | | |
| Trial: | **TBD** | | |

**5. Any other matters that any party wishes to bring to the Court's attention.**

**Plaintiff:** Nothing at this time.

**Defendant:** Given that Plaintiff has alluded to class-related discovery, Allstate is evaluating whether to move to bifurcate discovery, with merits discovery as to the individual claimant's claims occurring first, followed (if appropriate) by class discovery. Allstate anticipates discovery on Plaintiff's consent to receive calls, vendor's use of prerecorded calls, if any, and, in the event that class discovery occurs, evidence of class members' consent to receive calls and whether and to what extent Plaintiff is an adequate representative of the proposed classes.

Also, at this time Allstate does not anticipate expert discovery except to provide rebuttal experts directed at the expert testimony anticipated by Plaintiff.

Respectfully Submitted,


*/s/ Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
**Zimmerman Law Offices, P.C.**
77 W. Washington Street, Suite 1220
Chicago, IL 60602
Tel: (312) 440-0020
Fax: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

Max S. Morgan, Esq.
**The Weitz Firm, LLC**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
max.morgan@theweitzfirm.com

*Attorneys for Plaintiff and the putative Class*

*/s/ Jani K. Mikel*
JANI K. MIKEL
**AKERMAN LLP**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elisa.asa@akerman.com

**- and –**

RYAN ROMAN
** Admitted Pro Hac Vice*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Allstate Insurance Company*