UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KIMBERLY STARLING,** *on behalf of herself and all others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>**ALLSTATE INSURANCE COMPANY,**<br><br>*Defendant.* | Civil Case No.: 1:25-cv-4000-MFK |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S REPORT TO COURT REGARDING DEFENDANT'S STANDING ARGUMENT**

Defendant Allstate Insurance Company ("Allstate") hereby submits the following report in accordance with the Court's June 16, 2025 Order (Dkt.19), and states as follows:

On May 23, 2025, Allstate filed its Answer and Affirmative Defenses to Plaintiff's Complaint (Dkt. 13).

Allstate pled a good faith challenge to Plaintiff's standing because, on information and belief, Plaintiff has not suffered concrete harm. More specifically, on information and belief, the outside vendor neither called Plaintiff nor improperly used an automated dialing system (ADS) or prerecorded message as alleged by Plaintiff. Consequently, Plaintiff could not have suffered a concrete harm caused by Allstate to establish her requisite Article III standing. Moreover, if Plaintiff lacks standing to bring her individual claims, she also lacks standing to be a class representative. Allstate also anticipates it may uncover facts during discovery showing Plaintiff lacks standing on other grounds. As Allstate's challenge to Plaintiff's standing is a factual challenge rather than a facial challenge, a motion to dismiss at this stage is not the proper vehicle.

While Allstate acknowledges that under Seventh Circuit case law, lack of standing is not an affirmative defense, Seventh Circuit law does allow Allstate to challenge plaintiff's standing at any stage of the litigation including after the discovery stage. *See generally Flynn v. FCA US LLC*, 39 F.4th 946 (7th Cir. 2022) (affirming dismissal of action after discovery closed because Plaintiff had no competent evidence to support their standing to sue). Therefore, Allstate expressly reserves its right to factually challenge Plaintiff's or any potential class members standing following discovery.

Dated: July 3, 2025

Respectfully submitted,

**AKERMAN LLP**

*/s/Jani K. Mikel*

**JANI K. MIKEL**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

- and -

RYAN ROMAN (*Pro Hac Vice* to be filed*)*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Allstate Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 3, 2025, the foregoing document was filed with the Court's electronic filing system on the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Jani K. Mikel*
JANI K. MIKEL
Illinois Bar No. 6331445