**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KIMBERLY STARLING,** *on behalf of herself and all others similarly situated,*<br><br>*Plaintiff;*<br><br>v.<br><br>**ALLSTATE INSURANCE COMPANY,**<br><br>*Defendant.* | Civil Case No.: 1:25-cv-4000 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S**
**AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Allstate Insurance Company ("Allstate") hereby files its Amended Answer and Affirmative Defenses to the Complaint filed by plaintiff Kimberly Starling ("Starling" or "Plaintiff"), and states as follows:

1. This action arises out of the marketing practices of Defendant Allstate Insurance Company ("Defendant" or "Allstate") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

**ANSWER:** Allstate admits that Plaintiff has purported to allege violations under the TCPA; however, Allstate denies the remaining allegations in Paragraph 1. Further, to the extent that Paragraph 1 calls for a legal conclusion, Allstate is not required to answer, and therefore denies the same.

2. Allstate makes, or has made on its behalf, prerecorded telemarketing calls soliciting its auto insurance products and services.

**ANSWER:** Allstate denies the allegations in Paragraph 2.

3. Plaintiff Kimberly Starling ("Ms. Starling" or "Plaintiff") received an unsolicited prerecorded voice call from Allstate soliciting its products and/or services.

**ANSWER:** Allstate denies the allegations in Paragraph 3.

4. Accordingly, Ms. Starling brings this action on behalf of herself and a class of similarly situated individuals.

**ANSWER:** Allstate admits that Starling purports to bring this action on behalf of a class of plaintiffs; however, Allstate denies that this action may be properly adjudicated as a class action and further denies that Allstate is entitled to any of the relief that she seeks.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

**ANSWER:** Paragraph 5 contains conclusions of law as to which no response is required. To the extent a response is required, Allstate admits that the Northern District of Illinois has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

6. This Court has jurisdiction over Allstate because Allstate conducts business transactions in this District and is headquartered in this District, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

**ANSWER:** Allstate admits that this Court has jurisdiction over Allstate, and that Plaintiff has alleged that events and omissions giving rise to her claims occurred in this District. Allstate denies the remaining allegations in Paragraph 6. Further, to the extent that Paragraph 6 calls for a legal conclusion, Allstate is not required to answer, and therefore denies the same.

7. Venue is proper in this District because Defendant is a resident of this District and some of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

**ANSWER:** Allstate admits that it is a resident of this District, and that Plaintiff has alleged that events and omissions giving rise to her claims occurred in this District. Allstate denies the remaining allegations in Paragraph 7. Further, to the extent that Paragraph 7 calls for a legal conclusion, Allstate is not required to answer, and therefore denies the same.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Southlake, Texas.

**ANSWER:** Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 8, and therefore denies the same.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Allstate states that Paragraph 9 calls for a legal conclusion to which no response is required. To the extent that a response is necessary, Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 9, and therefore denies the same.

10. Defendant is, and at all times mentioned herein was, a Delaware corporation headquartered in Northbrook, Illinois.

**ANSWER:** Allstate admits that it is headquartered in Northbrook Illinois but denies the remaining allegations in Paragraph 10.

11. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**<u>ANSWER</u>:** Allstate states that Paragraph 11 calls for a legal conclusion to which no response is required. To the extent that a response is necessary, Allstate admits the allegations in Paragraph 11.

## <u>TCPA BACKGROUND</u>

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations." *Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 372 (2012) (citations omitted).

**<u>ANSWER</u>:** Allstate states that Paragraph 12 calls for a legal conclusion to which no response is required. To the extent that a response is necessary, Allstate denies the allegations in Paragraph 12.

### <u>*Prohibition of Prerecorded or Artificial Voice Calls*</u>

13. Section 227(b) of the TCPA prohibits making ***any*** call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party. *See 47 U.S.C.* § 227(b)(1)(A).

**<u>ANSWER</u>:** Allstate states that Paragraph 13 calls for a legal conclusion to which no response is required. To the extent that a response is necessary, Allstate denies the allegations in Paragraph 13.

14. A violation of section 227(b) carries statutory damages of $500 to $1,500 per call. *See* 47 U.S.C. § 227(b)(3)(B) and (C).

**ANSWER:** Allstate states that Paragraph 14 calls for a legal conclusion to which no response is required. To the extent that a response is necessary, Allstate denies the allegations in Paragraph 14.

*Vicarious Liability*

15. A person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA, 10* FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declarator Ruling Concerning the TCPA Rules,* 28 FCC Rcd. 6574, 6584 ¶28 (2013).

**ANSWER:** Allstate states that Paragraph 15 calls for a legal conclusion to which no response is required. To the extent that a response is necessary, Allstate denies the allegations in Paragraph 15.

16. An entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

**ANSWER:** Allstate states that Paragraph 16 calls for a legal conclusion to which no response is required. To the extent that a response is necessary, Allstate denies the allegations in Paragraph 16.

## FACTUAL ALLEGATIONS

17. Ms. Starling is the user of a cellular telephone number ending in 6140.

**ANSWER:** Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 17, and therefore denies the same.

18. On July 16, 2024 at 1:13 pm, Ms. Starling received an unsolicited prerecorded call from Allstate.

**ANSWER:** Allstate denies the allegations in Paragraph 18.

19. The call came from telephone number (817) 508-6963.

**ANSWER:** Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 19, and therefore denies the same.

20. When Ms. Starling answered the phone and said "Hello," a prerecorded voice played, after an extended pause, and stated, "Hi. This is Jen from Allstate. How are you doing today?"

**ANSWER:** Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 20, and therefore denies the same.

21. Ms. Starling responded "good."

**ANSWER:** Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 21, and therefore denies the same.

22. The prerecorded voice then stated, "Happy to hear that."

**ANSWER:** Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 22, and therefore denies the same.

23. An audible click can be heard after the word "that."

**ANSWER:** Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 23, and therefore denies the same.

24. The prerecorded voice went on to state, “I’m calling to let you know that we have an updated auto quote and can save you money on your car insurance. And, I will connect you with your local agent to review these savings, OK?

**ANSWER:** Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 24, and therefore denies the same.

25. Ms. Starling asked which Allstate agency the call came from.

**ANSWER:** Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 25, and therefore denies the same.

26. The prerecorded voice stated that “We are from Allstate calling about your car insurance.”

**ANSWER:** Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 26, and therefore denies the same.

27. The computerized system then connected Ms. Starling to Karon King with the Deborah Naulls agency in Lancaster, Texas.

**ANSWER:** Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the same.

28. Mr. King attempted to solicit Ms. Starling with auto insurance.

**ANSWER:** Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 28, and therefore denies the same.

29. Ms. Starling did not provide her consent to receive prerecorded calls from Allstate.

**ANSWER:** Allstate denies making prerecorded calls to Starling. Allstate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and therefore denies the same.

30. Defendant's violations were negligent.

**ANSWER:** Allstate denies the allegations in Paragraph 30.

31. Alternatively, Defendant's violations were willful and knowing. For example, Defendant knew it was violating the TCPA, by placing prerecorded calls to cellular telephones, but continued doing so because it was a profitable way to solicit new customers.

**ANSWER:** Allstate denies the allegations in Paragraph 31.

32. Ms. Starling and the Class were damaged by the violations alleged herein, and their privacy was improperly invaded. Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted calls. The calls were annoying and a nuisance, and wasted the time of Ms. Starling and the Class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

**ANSWER:** Allstate denies the allegations in Paragraph 32.

## DEFENDANT'S LIABILITY

33. Upon information and belief, Defendant uses automated systems to make prerecorded or artificial voice telephone calls, to hundreds if not thousands of consumers across the U.S. in an attempt to screen for new customers and transfer the calls to its agencies.

**ANSWER:** Allstate denies the allegations in Paragraph 33.

34. These calls utilized an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b).

**ANSWER:** Allstate denies the allegations in Paragraph 34.

35. For violations of 47 U.S.C. § 227(b), Ms. Starling is entitled to a minimum of $500 per call. *See* 47 U.S.C. § 227(b)(3)(B).

**ANSWER:** Allstate denies the allegations in Paragraph 35.

36. Ms. Starling is entitled to $1,500 per call if Allstate's actions are found to be knowing or willful. See 47 U.S.C. § 227(b)(3)(C).

**ANSWER:** Allstate denies the allegations in Paragraph 36.

**CLASS ACTION ALLEGATIONS**

37. Ms. Starling brings this action under Fed. R. Civ. P. 23 on behalf of the following Class defined as follows:

> Plaintiff and all persons within the United States who, from four years prior to the filing of this action through class certification, Defendant (or an agent acting on behalf of Defendant) called using an artificial or prerecorded voice message for the same purpose Plaintiff was called.

**ANSWER:** Allstate admits that Starling purports to bring this action on behalf of a class of plaintiffs; however, Allstate denies that this action may be properly adjudicated as a class action and further denies that Starling is entitled to any of the relief that she seeks.

38. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families; and any claims for personal injury, wrongful death, and/or emotional distress.

**ANSWER:** Allstate denies that this action may be properly adjudicated as a class action and further denies that Starling is entitled to any of the relief that she seeks. Furthermore, to the extent that Paragraph 38 calls for a legal conclusion, no response is required and Allstate denies the same.

39. The members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

**ANSWER:** Allstate denies the allegations in Paragraph 39.

40. The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

a. The time period(s) during which Defendant made its calls;

b. The telephone numbers to which Defendant called;

c. The telephone numbers for which Defendant had prior express written consent;

d. The purposes of such calls; and

e. The names and addresses of Class members.

**ANSWER:** Allstate denies the allegations in Paragraph 40.

41. Upon information and belief, the Class is comprised of hundreds, if not thousands, of individuals.

**ANSWER:** Allstate denies the allegations in Paragraph 41.

42. There are common questions of law and fact affecting the rights of the members of the Class, including, *inter alia,* the following:

a. Whether Defendant (or someone acting on its behalf) makes telemarketing calls;

b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

c. Whether Defendant (or someone acting on its behalf) makes prerecorded calls;

d. Whether Defendant's statutory violations were willful and knowing; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

**ANSWER:** Allstate denies the allegations in Paragraph 42.

43. Plaintiff is a member of the Class in that Defendant made prerecorded calls to Plaintiff without her prior express written consent.

**ANSWER:** Allstate denies the allegations in Paragraph 43.

44. Plaintiff's claims are typical of the claims of the members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

**ANSWER:** Allstate denies the allegations in Paragraph 44.

45. Plaintiff and Class members have also necessarily suffered concrete harm in addition to statutory damages, as all Class members spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

**ANSWER:** Allstate denies the allegations in Paragraph 45.

46. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

**ANSWER:** Allstate denies the allegations in Paragraph 46.

47. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent her and the Class.

**ANSWER:** Allstate denies the allegations in Paragraph 47.

48. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

**ANSWER:** Allstate denies the allegations in Paragraph 48.

49. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications.

**<u>ANSWER</u>:** Allstate denies the allegations in Paragraph 49.

50. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia,* the damages suffered by each Class member make individual actions uneconomical.

**<u>ANSWER</u>:** Allstate denies the allegations in Paragraph 50.

51. Common questions will predominate, and there will be no unusual manageability issues.

**<u>ANSWER</u>:** Allstate denies the allegations in Paragraph 51.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. §227(b)**
**(On behalf of Plaintiff and the Class)**

52. Ms. Starling and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

**<u>ANSWER</u>:** Allstate incorporates its foregoing answers as if fully set forth herein.

53. Allstate placed, or had placed on its behalf, prerecorded telephone calls to Ms. Starling's and Class members' telephone numbers without prior express consent.

**<u>ANSWER</u>:** Allstate denies the allegations in Paragraph 53.

54. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b).

**<u>ANSWER</u>:** Allstate denies the allegations in Paragraph 54.

55. Allstate has therefore violated 47 U.S.C. § 227(b).

**<u>ANSWER</u>:** Allstate denies the allegations in Paragraph 55.

56. As a result of Allstate's unlawful conduct, Ms. Starling and the Class members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER:** Allstate denies the allegations in Paragraph 56.

57. Ms. Starling and the Class members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 277(b)(3).

**ANSWER:** Allstate denies the allegations in Paragraph 57 as to itself. Further, Allstate denies that Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia,* an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

**ANSWER:** Allstate denies that Plaintiff is entitled to any of the relief sought in this Prayer for Relief. Plaintiff further denies all allegations not specifically addressed above and denies that Plaintiff is entitled to any relief whatsoever.

* * *

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Allstate prays that: (1) Plaintiff's Complaint be dismissed in its entirety with prejudice, with all costs taxed against Plaintiff; and (2) it recover such other relief and additional relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Allstate pleads the following defenses to the Complaint:

### First Affirmative Defense
### (Estoppel/Waiver/Unclean Hands)

All or some of Plaintiff's claims are barred by the doctrine of estoppel, waiver, and/or unclean hands.

### Second Affirmative Defense
### (Failure to State a Claim - TCPA)

Plaintiff fails to state a claim under the TCPA against Allstate upon which relief can be granted. Plaintiff fails to allege any specific conduct by or on behalf of Allstate required to state a claim under the TCPA. Moreover, Plaintiff fails to allege any damages or concrete harm resulting from her receipt of the calls alleged in the Complaint.

### Third Affirmative Defense
### (Causation)

Plaintiff's claims against Allstate are barred in whole or in part because Allstate did not cause any of Plaintiff's alleged harm. Allstate did not make the pre-recorded call of which Plaintiff complains. The call alleged in the Complaint was allegedly made to Starling by an independent agent, not by Allstate. To the extent these calls took place, Allstate did not have control over the person or entity making any such call or otherwise authorize or ratify his, her or its alleged actions to establish vicarious liability under federal common law. *See In the Matter of the Joint Petition*

*Filed by Dish Network LLC, the United States of Am., & the States of California, Illinois, N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574, 6574 (2013).

**Fourth Affirmative Defense**
**(Failure to Prove a Concrete Harm)**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to establish that Plaintiff suffered a concrete harm. On information and belief, the outside vendor neither called Plaintiff nor improperly used an automated dialing system (ADS) or prerecorded message as alleged by Plaintiff. Consequently, Plaintiff could not have suffered a concrete harm allegedly caused by Allstate to establish her requisite Article III standing. Moreover, if Plaintiff lacks standing to bring her individual claims, she also lacks standing to be a class representative.

**Fifth Affirmative Defense**
**(Lack of Private Right of Action – 47 C.F.R. § 64.1200(d))**

Plaintiff's claims rely on 47 C.F.R. § 64.1200(d), which does not create a private right of action.

**Sixth Affirmative Defense**
**(Failure to Meet Class Action Requirement)**

All or some of Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to meet the class action prerequisites for certification and maintenance of a class action. Plaintiff's Complaint fails to meet the class action prerequisites for maintenance of a class action, including the elements of numerosity, commonality, typicality, adequacy of representation, predominance of common questions of law and fact over individual issues, ascertainability, and superiority over other methods of adjudication.

**<u>Seventh Affirmative Defense</u>**
**(Failure to Mitigate/Causation)**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her alleged damages. Plaintiff's claims may be barred, in whole or in part, because Plaintiff's own conduct played a role in creating her damages.

**<u>Eighth Affirmative Defense</u>**
**(Compliance)**

At all relevant times, Allstate's policies, practices, and conduct with respect to telemarketing by its exclusive agents, who are independent contractors, have been in compliance with the provisions of the TCPA and all other applicable statutes, regulations, agency decisions, and interpretive case law.

**<u>Ninth Affirmative Defense</u>**
**(Failure to Establish Vicarious Liability)**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to establish that Allstate is vicariously liable for the actions of the person or entity alleged to have made the call in question. Allstate is not liable to Plaintiff for the acts or omissions of such third party, who is not an Allstate employee. Furthermore, even if the third party was an Allstate employee, such actions or omissions were beyond the scope of employment.

**<u>Tenth Affirmative Defense</u>**
**(Attorneys' Fees)**

Plaintiff is barred from recovering attorneys' fees, which are not recoverable under the TCPA.

**<u>Eleventh Affirmative Defense</u>**
**(Consent)**

Plaintiff's claims are barred, in whole or in part, because at all times, Plaintiff and/or any putative class members provided express or implied consent to Defendants' conduct, as described

in Plaintiff's complaint including, but not limited to, by providing his or her telephone numbers and agreeing to receive calls. The Complaint and each cause of action contained therein are barred as a matter of law.

**Twelfth Affirmative Defense**
**(Consent – Established Business Relationship)**

Plaintiff's claims are barred to the extent Plaintiff and/or any putative class members consented to receive telephone calls as alleged in the Complaint. Plaintiff's claims are barred to the extent that some, or all, of the putative class members had an established business relationship with Allstate. The TCPA and its regulations do not prohibit calls to persons whom the seller has an established business relationship. *See* 47 C.F.R. § 64.1200(f)(5)(i), (f)(14)(ii). "The seller is entitled to call a consumer based on its [established business relationship] when a customer." *Wolfkiel v. Intersections Ins. Services Inc*., 303 F.R.D. 287, 291 (N.D. Ill. 2014) (18 F.C.C.R. 14014, ¶ 118 (F.C.C. 2003). "The [established business relationship] may extend to third parties in limited cases. For example, where a company hires third-party telemarketers to market its own services and products, the telemarketers may rely on the seller's [established business relationship] to call an individual consumer." *Id.* (citing 18 F.C.C.R. 14014, ¶ 116 (F.C.C. 2003).

**Thirteenth Affirmative Defense**
**(Equitable Estoppel)**

By conduct, representations, and omissions, Plaintiff is equitably estopped from asserting any claim for relief against Allstate.

**Fourteenth Affirmative Defense**
**(Post-*Chevron* Deference)**

Plaintiff's claims are barred because the interpretation and regulations imposed by the Federal Communications Commission (the "FCC") are not reasonable and are not entitled to judicial deference, including with respect to application of the Hobbs Act. This includes, but is

not limited to, the FCC's interpretations with respect to whether text messages are subject to liability under the TCPA. *See Loper Bright Enters. v. Raimondo*, 603 U.S. ___ (2024); *True Health Chiropractic, Inc. v. McKesson Corp.*, No. 22-15710, 2023 WL 7015279 (9th Cir. Oct. 25, 2023), *cert granted* (U.S. Oct. 4, 2024) (No. 23-1226).

**Fifteenth Affirmative Defense**
**(Additional Defenses)**

Allstate reserves the right to amend these defenses and to any such other additional defenses, cross-claims, counter-claims, or third-party claims as they may become known during the pendency of this action.

WHEREFORE, Allstate requests that the Court enter judgment in its favor, dismiss Plaintiff's Complaint with prejudice, and award Allstate its reasonable attorneys' fees and costs and such further relief as this Court deems just and appropriate.

Dated: July 15, 2025

Respectfully submitted,

**AKERMAN LLP**

*/s/Jani K. Mikel*

**JANI K. MIKEL**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

- and -

RYAN ROMAN (*Pro Hac Vice* to be filed*)*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Allstate Insurance Company*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 15, 2025, the foregoing document was filed with the Court's electronic filing system on the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Jani K. Mikel*
JANI K. MIKEL
Illinois Bar No. 6331445