**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000<br><br>Honorable Judge Matthew F. Kennelly |

# JOINT STATUS REPORT

Plaintiff Kimberly Starling ("Plaintiff") and Defendant Allstate Insurance Company ("Allstate") (collectively, the "Parties") have conferred and hereby file this Joint Status Report per the Court's July 9, 2025 Order [Dkt. 21]. The Parties state as follows:

## I. DISCOVERY

The Parties have served their respective Initial Disclosures and are currently engaging in written discovery.

Plaintiff served her First Set of Discovery Requests on June 17, 2025, to which Allstate responded on July 30, 2025 as agreed upon between the Parties. Allstate did not produce any documents on July 30, 2025; however, it is prepared to produce documents upon the Court's entry of the confidentiality order filed by the parties on August 18, 2025.[1] Allstate provided a draft

[1] It is Plaintiff's position that documents should have been produced on July 30, 2025 and that Allstate should have moved for a confidentiality order prior to the July 30, 2025 date. Allstate maintains that it's acting in accordance with its rights as provided under the law and Federal Rules of Civil Procedure to ensure that any documents produced by either Allstate, Plaintiff, or a third party are protected.

confidentiality order to Plaintiff on July 30, 2025, and the parties have been engaged in a dispute related to the inclusion of a provision in the confidentiality order related to contact with class members. The parties intend to submit the dispute to the Court in a joint filing.

On August 4, 2025, Plaintiff wrote to Allstate regarding deficiencies with Allstate's interrogatories and requested that Allstate produce documents. Allstate is collecting additional information to address Plaintiff's objections to its discovery responses, and will supplement its responses accordingly.

Allstate served its discovery requests on Plaintiff on July 7, 2025, to which Plaintiff responded on August 18, 2025.

The Parties' also met and conferred regarding Allstate's Initial Disclosures. Plaintiff attempted to serve subpoenas on third-party witnesses, but the addresses for these witnesses provided on Allstate's initial disclosures were incorrect or invalid. Allstate supplemented its Initial Disclosures on August 19, 2025.

Plaintiff has attempted to serve several subpoenas for deposition on several third party individuals: Deborah Naulls (the owner of the Allstate insurance agency Plaintiff's call was connected to), Karon King (the Allstate agent that spoke with Plaintiff), Ryan Daniel Blackman (the CEO of Navlan PR LLC d/b/a/ Inbound CD, the third-party company that transferred Plaintiff's call to Karon King, and Navlan PR LLC dba Inbound CD. Plaintiff successfully served Karon King on August 19, 2025. His deposition is scheduled for September 23, 2025. Plaintiff has not yet been able to serve the other third-party witnesses. No party depositions have been scheduled to date.

## II. PENDING MOTIONS

As stated above, the Parties' filed a proposed agreed confidentiality order. [Dkt. 23]. The Parties remain unable to agree on a provision restricting the use of pre-certification discovery to

contact putative class members. As such, the Parties plan to file a joint pleading outlining their respective positions regarding contact with putative class members so that the Court may decide whether any protective order should issue limiting Plaintiff's ability to communicate with putative class members.

## III. SETTLEMENT

The Parties' have not engaged in any settlement discussions to date.

Date: August 20, 2025


*/s/ Max S. Morgan*
Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

*/s/ Jani K. Mikel*
JANI K. MIKEL
**AKERMAN LLP**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

**- and –**

RYAN ROMAN
** Admitted Pro Hac Vice*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Allstate Insurance Company*