**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000<br><br>Honorable Matthew F. Kennelly |

**AGREED MOTION FOR AN ORDER APPROVING SERVICE OF PROCESS BY ALTERNATIVE MEANS ON NAVLAN PR LLC AND RYAN BLACKMAN**

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, Plaintiff Kimberly Starling ("Plaintiff") requests an Order approving service of process by alternative means on third parties Navlan PR LLC ("Navlan"), and Ryan Blackman a/k/a Ryan Daniel ("Blackman"), whom Defendant Allstate Insurance Company identified in its initial disclosures as the vendor (and the vendor's principal) that placed the calls at issue in this case that Plaintiff alleges violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff requests the Court's approval of service by delivering via First Class mail and email, subpoenas issued to the respective third parties (*see* subpoenas, attached hereto as Exhibits 1–2)[1] and a copy of the Order approving alternative service (1) to a mailing address specifically designated by Blackman in prior correspondence with Plaintiff as the mailing address to "send a formal demand or file a formal complaint" (*see* email from Blackman, attached hereto as Exhibit 3), and (2) to the mailing address

[1] The times and dates for compliance will be amended to reflect a reasonable date once the Court decides this Motion.

identified in Allstate's contract with Navlan for providing notices and correspondence; (3) to the email address that Blackman used when corresponding with Plaintiff as of July 18, 2024, and (4) to the email address listed on the website inboundcd.com, admin@inboundcd.com.

Prior to filing the motion, Plaintiff's counsel sent a draft of this motion to counsel for Defendant Allstate Ins. Co. ("Defendant") and counsel for Defendant indicated that Defendant has no objection to the motion, and consents to this being an agreed motion.

**A. Navlan PR LLC**

Service of a summons and complaint on a limited liability company is governed by Federal Rule of Civil Procedure 4(h). *Lockhart v. HSBC Fin. Corp.*, 13 C 9323, 2015 WL 4111346, at *2 (N.D. Ill. July 8, 2015). Specifically,

> Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> **(1)** in a judicial district of the United States:
>
> > **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.
>
> Fed. R. Civ. P. 4(h).

Fed. R Civ. P. 4(e)(1) prescribes any method of service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Lockhart*, 2015 WL 4111346, at *2.

Under Illinois law, "any process, notice, or demand required or permitted by law to be

served upon . . . a limited liability company . . . shall be served either upon the registered agent appointed by the limited liability company or upon the Secretary of State as provided in this section." 805 ILCS 180/1-50(a). Plaintiff has not identified any record of a registered agent in Illinois for Navlan PR LLC on the Illinois Secretary of State website.

Navlan PR LLC is organized under Puerto Rico law and service is to be made in the Commonwealth of Puerto Rico. *See* Puerto Rico Secretary of State online database record, attached hereto as Exhibit 4. According to Puerto Rico law," [w]henever a[n LLC] cannot be served by due diligence with process by delivery to any person authorized to receive it pursuant to the provisions of subsection (a) of this section, process may be served in the manner provided in the Rules of Civil Procedure of the Commonwealth." 14 L.P.R.A. § 3781; 14 L.P.R.A. § 3955.

Rule 4.6 of the Rules of Civil Procedure of the Commonwealth states:

> When the person to be served is outside Puerto Rico or, if in Puerto Rico, could not be located after reasonable diligence or is hiding to avoid being served, or when summons is to be served on a foreign corporation with no resident agent and it is proven to the satisfaction of the court by affidavit stating the efforts made to serve process, and this affidavit or the complaint filed also establishes the existence of a claim that warrants relief against the person upon whom service is to be effected or that said person is a proper party to the action, the court may order a summons be served by publication of notice. Return of unexecuted process shall not be required as a condition for issuing an order for publication of service. The order shall direct the publication to be made once in a newspaper of general circulation in the island of Puerto Rico. The order shall also direct that a copy of the summons and of the complaint be sent to the defendant, within ten (10) days following the date of publication, by certified mail, return receipt requested, or by any other mail delivery service requiring a signed receipt therefor, provided that said entity has no ties with the defendant and no interest in the litigation, at the defendant's last known physical or mailing.

Here, Plaintiff has established that Navlan could not be located after reasonable diligence. On July 14, 2025, Plaintiff attempted service of the subpoena at the registered agent listed on the Puerto Rico Secretary of State business records, but "the location was occupied by an accounting

and consulting firm named PSV" and "the recipient was not a client of the firm." *See* Affidavit of Non-Service for Navlan, attached hereto as Exhibit 5.

According to a search on Google, the address Blackman listed in his emails with Plaintiff goes to a P.O. Box for a business named Dorado Mail Solutions. *See* address on Exhibit 3. A screenshot from Google maps shows this location as of April 2025:




The other address that Defendant provided in its supplemental initial disclosures for Navlan is a Wyoming address associated with 25 businesses according to Google. A screenshot from Google maps shows that it is most likely a mailing address only, and Blackman (or any other authorized person for Navlan) will not be present at that location:




However, Defendant's counsel has made oral representations to Plaintiff's counsel that it believes that Blackman will receive documents and correspondence sent to this address.[2]

**B. Ryan Blackman**

After service on Navlan in Puerto Rico was unsuccessful, Plaintiff proceeded to attempt service of a subpoena on Blackman, who has (or had) a primary residence in Malibu, California. However, according to the Affidavit of Non-Service for Blackman, the residence is vacant as a result of the recent wildfires. *See* Affidavit of Non-Service in Malibu, CA, attached hereto as Exhibit 6.

Plaintiff also attempted service of the subpoena on Blackman at a business address in Santa Monica, California associated with a number of other businesses Blackman is involved with, including Navlan. Blackman was not present there and the individual who spoke with the process server claimed not to know Blackman. *See* Affidavit of Non-Service in Santa Monica, CA, attached hereto as Exhibit 7. Plaintiff then attempted service on a residential address in Los

[2] Plaintiff understands that Defendant and Navlan maintain an ongoing business relationship in which Navlan acts as a vendor, and Blackman remains Navlan's principal.

Angeles associated with Blackman, but was unsuccessful in serving him there, and the owner stated that they do not know Blackman. *See* Affidavit of Non-Service in Los Angeles, CA, attached hereto as Exhibit 8.

Finally, Plaintiff attempted personal service of the subpoena on Blackman to a residence in Puerto Rico in a gated community. The process server was unable to complete service and was denied access at the gate. *See* Email from Process Server detailing attempt to serve subpoena, attached as Exhibit 9.

On August 19, 2025, Plaintiff's counsel emailed Blackman at ryan@inboundcd.com asking if he would consent to electronic service of the subpoena. Prior to the filing of this lawsuit, Plaintiff received emails from Blackman from this email address. While Blackman did not respond to counsel's August 19, 2025 email, the email was successfully delivered, as demonstrated by the absence of a notice of delivery failure.

On the website inboundcd.com, there are terms and conditions that provide that the business can be contacted at the email address: admin@inboundcd.com, as follows:



inboundcd.com/terms

8:57 Downloads Notes of Decisions -...

InboundCD HOW IT WORKS COMPLIANCE COMPARE US LOG IN PRICING SIGN UP (888) 214-7881

or the Service following the posting of any changes to these Terms of Service constitutes acceptance of those changes.

## SECTION 20 - CONTACT INFORMATION

Questions about the Terms of Service should be sent to us at admin@inboundcd.com

## SECTION 21 - AUTHORIZED PARTIES

By agreeing to this agreement you are affirming that you are fully authorized to do so by your organization on behalf of your organization.

Accordingly, because Plaintiff has demonstrated diligence in her attempts to complete service of subpoenas and personal service is not able to be completed, Plaintiff requests that the Court approve service of subpoenas on Navlan and Blackman as follows:

By mailing copies of the subpoenas to the following mailing addresses, along with the Court's order granting Plaintiff's motion for alternative service:

1. 425 Carr 693 Suite 1-348
   Dorado, Puerto Rico 00646

2. 34 N. Franklin Avenue, Ste 687-1845
   Pinedale, WY 82941

And by email to:

3. admin@inboundcd.com

4. ryan@inboundcd.com.

If the Court deems it necessary and so orders, Plaintiff will also publish notice in a Puerto Rico publication pursuant to the Puerto Rico Rules of Civil Procedure. But, because the proposed

mailing and email service are far more likely to actually reach Blackman or other decisionmakers at Navlan, Plaintiff requests that publication notice not be required.

Respectfully,

/s/ Jeffrey Blake
Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*