# Exhibit 2

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| Kimberly Starling<br>*Plaintiff*<br>v.<br>Allstate Insurance Company<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:25-cv-4000 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Ryan Daniel Blackman

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Via internet videoconference, or mutually agreeable location. Contact Plaintiff's attorney below. | 09/09/2025 10:00 am |

The deposition will be recorded by this method: ____________________

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/06/2025

*CLERK OF COURT*

OR

______________________ /s/ Jeffrey Blake

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kim Starling ______________________ , who issues or requests this subpoena, are:

Jeff Blake, jeff@attorneyzim.com, (312) 440-0020, 77 W Washington St. Ste. 1220, Chicago, IL 60602

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-4000

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
________________________________________________________________
________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

________________________________________
*Server's signature*

________________________________________
*Printed name and title*

________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**KIMBERLY STARLING**, *on behalf of herself and others similarly situated,*

*Plaintiff,*

v.

**ALLSTATE INSURANCE COMPANY**,

*Defendant*.

Case No.: 1:25-cv-4000

**District Judge Matthew F. Kennelly**
**Magistrate Judge Jeffrey N. Cole**

## SCHEDULE A TO SUBPOENA TO RYAN DANIEL BLACKMAN

Any references "Defendant", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate, including Allstate Insurance Company as well as its parents, subsidiaries, affiliates, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf.

Any references to "Plaintiff" shall be treated as referring to each and every Plaintiff named within this lawsuit, individually and collectively, as may be appropriate.

Any references to "Respondent", "you" or "your" means Ryan Daniel Blackman, as well as any employees, agents, representatives and/or any and all persons acting or purporting to act on his behalf, as well as any predecessor entities that may be in possession of discoverable information.

Any references to "Deborah Naulls Insurance" mean Deborah Naulls Insurance, as well as its officers, members, manager, directors, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf, as well as any predecessor entities or successor entities that may be in possession of discoverable information.

“InboundCD” means Navlan PR LLC, and Navlan LLC, as well as its officers, members, manager, directors, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf, as well as any predecessor entities that may be in possession of discoverable information. InboundCD also includes any person purporting to act in the name of InboundCD, or who uses an email address from domain inboundcd.com, or who receives compensation for services in the name of “InboundCD.”

As used in these discovery requests, the term “Document” or “Documents” means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Respondent, which Respondent has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough-drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures,

advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

As used in these Document Requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

**INSTRUCTIONS**

1. Each Request shall be answered fully and in writing, and where requested, by the applicable rules, under oath.

2. The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

3. If you claim a privilege as to any of the information requested to be identified and/or produced in the Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

4. If, in answering these Requests, you encounter any ambiguity in construction, or a definition or instruction relevant to the inquiry contained therein, set forth the matter deemed ambiguous and set forth the construction chosen or used in answering the Request. You are also invited to contact Plaintiff's Counsel to discuss any definitions or terms you find ambiguous.

5. In answering these Requests, furnish such information as is available to you, not merely such information as is within your knowledge. This means that you are to furnish

information that is known by, available to, or in the possession of your affiliates, employees, servants, or agents, including your attorney or any agent for you or your attorney (unless privileged).

6. If you object to any Definition or Instruction or to any of the specific Requests set forth below, the precise grounds of your objection(s) shall be stated, with particularity. If any objection rests in whole or in part of a claim of privilege, the privilege claims should be stated, and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

7. If you object to or claim a privilege with respect to only a portion of a given Request, you are requested to answer that portion of the Request as to which you have no objection or claim of privilege.

8. All Documents and electronic data shall be produced in a sortable, filterable, searchable format. Any .pdf documents shall be produced in OCR and searchable format.

9. The time period in question includes April 14, 2021 to the present. These requests are continuing in nature. Your search for responsive documents should cover periods prior to April 14, 2021, as appropriate to include documents that refer to facts and circumstances, are effective during, or contain responsive information relating to April 14, 2021 to the present.

10. Each and every request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Respondent is obligated to amend and provide any updated information that renders the responses to one or more of these Document Requests incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

## REQUESTS TO PRODUCE

1. Documents sufficient to identify the affiliates, vendors, telecommunications service providers, customer relationship management programs, and processes used by InboundCD to place calls or generate leads on behalf of Defendant, for Defendant, and for Defendant's insurance agents.

2. Documents sufficient to identify the affiliates, vendors, telecommunications service providers, customer relationship management programs, and processes used by InboundCD to place calls or generate leads on behalf of Allstate insurance producers, including Deborah Naulls Insurance, Veronica Tejada Insurance, Karon King, and any entity for which Karon King works.

3. InboundCD's operating agreement, employment agreements, articles of formation, and articles of dissolution, and amendments thereto.

4. Documents relating to agreements between InboundCD and Defendant, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts.

5. Documents relating to agreements between InboundCD and Deborah Naulls Insurance Agency, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts.

6. Documents relating to agreements between InboundCD and any call centers, vendors, affiliates, marketers, lead generators, or others who assisted in the calling campaigns or lead lists that resulted in the call to Plaintiff, or the calls placed to generate leads to sell Defendant's insurance products.

7. Documents and communications sent to or from Defendant relating to prerecorded or artificial voice messages, marketing campaigns conducted for Allstate or Allstate agents,

marketing campaigns conducted for Debroah Naulls Insurance, or Plaintiff's claims in this lawsuit.

8. Documents and communications sent between You and Defendant relating to Plaintiff's claims in this lawsuit and the Allstate Select Vendor Program Supplier Agreement.

9. Documents and communications sent between You and any employee or agent acting on behalf of InboundCD relating to the campaign and services provided for Allstate, including the Allstate Select Vendor Program Supplier Agreement and activities and services conducted pursuant thereto.

10. Documents and communications sent to or from Karon King relating to leads, marketing, and Plaintiff's claims in this lawsuit.

11. Documents and communications sent to or from Deborah Naulls Insurance relating to leads, marketing, and Plaintiff's claims in this lawsuit.

12. Documents and communications sent to or from Veronica Tejada Insurance relating to leads, marketing, and Plaintiff's claims in this lawsuit.

13. Documents and communications relating to the disposition of the lead generated during the phone call to Plaintiff's cell phone ending in 6140 on July 16, 2024 at 1:13 pm Central Time.[1]

14. Documents relating to agreements between You or InboundCD and any other third parties, including contracts, schedules, addendums, orders, invoices, statements of work, negotiations, and drafts of contracts, arising out of or connected to its activities in gathering leads that are or that might be provided to Defendant, Defendant's agencies, and other insurance producers, including Deborah Naulls Insurance.

15. Documents relating to all due diligence, background checks, audits, inspections,

[1] If you are unable to identify Plaintiff's number using her name, the time of the phone call, and the last four digits of her phone number, please let us know and we will send you the full number in confidence.

and oversight arising out of or connected to the calling campaigns performed for Defendant, and Defendant's agencies, including Deborah Naulls Insurance.

16. Documents relating to all methods, systems, and procedures for inputting, transferring, or sharing lead information and invoices with third parties, including Defendant and Deborah Naulls Insurance.

17. Documents relating to all methods, systems, and procedures for marketing and lead generation, including identification of prerecorded sounds, audio files, soundboard technology, data vendors, and call centers.

18. Documents relating to training manuals, scripts, soundboard settings, audio files, quality assurance, compliance, and verification of any and all calls placed for the purposes of lead generation in connection with calls purporting to be from "Jen" or "Jan" "from Allstate" or calls that state "I'm calling to let you know that we have an updated auto quote and can save you money on your car insurance."

19. Documents relating to and including call disposition notes, call detail logs, transfer logs, lead data transfers, calling metadata, and audio recordings of any and all calls purporting to be from "Jen" or "Jan" "from Allstate" or calls that state "I'm calling to let you know that we have an updated auto quote and can save you money on your car insurance."

20. Documents relating to summaries or reports of lead generation results, conversion rates, invoices, lead criteria settings or modifications, remuneration, and feedback from Defendant, Defendant's captive agencies or any association thereof, and Deborah Naulls Insurance.

21. Documents sufficient to show the identity of all agencies associated or affiliated with Defendant for whom you conduct lead generation and marketing.

22. Documents relating to calls initiated by the phone number (817) 508-6963 or calls

initiated by another number in which the phone number that is shown on the called party's caller ID is (817) 508-6963.

23. Documents relating to Respondent's policies and procedures for complying with applicable advertising and telemarketing laws, regulations, and rules, including obtaining prior express written consent, maintenance of do not call lists, and National Do Not Call Registry.

24. Documents relating to any claim that consumers consent to the calls placed by InboundCD or on its behalf.

25. Documents relating to the source of information relating to Plaintiff or Plaintiff's phone number ending in 6140, including the identity of the information provider and the data file in which the information was contained.

26. Documents relating to all information concerning Plaintiff or Plaintiff's phone number ending in 6140.

27. Documents sufficient to identify any vendor or company that is paid to provide cloud services, VoIP services, or host domains or Internet assets for InboundCD.

28. Documents relating to communications from Defendant regarding preservation of records in connection with this lawsuit or any other lawsuit.

29. Documents relating to informal complaints, demands, lawsuits, settlements, enforcement actions, traceback requests, and investigations related to telephone marketing practices. This request includes any do not call requests and complaints by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.