**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000<br><br>Honorable Judge Matthew F. Kennelly |

**JOINT STATUS REPORT**

Plaintiff Kimberly Starling ("Plaintiff") and Defendant Allstate Insurance Company ("Allstate") (collectively, the "Parties") have conferred and hereby file this Joint Status Report per the Court's August 22, 2025 Order [Dkt. 26]. The Parties state as follows:

## I. DISCOVERY

The Parties have served their respective Initial Disclosures and are currently engaging in written discovery.

Plaintiff served her First Set of Discovery Requests on June 17, 2025, to which Allstate responded on July 30, 2025 as agreed upon between the Parties. Allstate did not produce documents until August 27, 2025. On September 12, 2025, Plaintiff wrote to Allstate regarding various deficiencies in its discovery responses. The parties had a meet-and-confer conference on September 19, 2025. During the conference, Allstate advised that it would supplement its responses and produce additional documents by October 6, 2025. On October 1, 2025, Allstate requested until October 17, 2025 to supplement its responses and serve an additional production. Plaintiff does not oppose an extension of Defendant's deadline to supplement its responses and serve its second

document production to October 17, 2025. Once Plaintiff has an opportunity to review Allstate's supplemental production, it can assess whether any disagreements relating to Allstate's discovery responses need to be addressed further.

On September 23, 2025, Plaintiff deposed Allstate insurance agent Karon King. Mr. King was the agent that was connected to Plaintiff during the call that began with an artificial/prerecorded voice as alleged in the Complaint. Mr. King testified that the vendor, InboundCD, would transfer calls to his agency and while the transfer was occurring would email to his email account a record of the lead being transferred. The lead information would also populate in an InboundCD online portal that the insurance agency had access to. Plaintiff is seeking discovery from King's Allstate agency for these emails and portal records, and from Defendant because the Allstate's agents use email addresses managed and maintained by Allstate.

Plaintiff is in the process of scheduling a deposition of Deborah Naulls, who has agreed to accept service of a subpoena. Ms. Naulls was the owner of the Allstate insurance agency that received the transfer of the artificial or prerecorded call that was placed to Plaintiff.

Plaintiff also intends to take a Rule 30(b)(6) deposition of Allstate, InboundCD, and potentially other witnesses with relevant knowledge.

Allstate served its discovery requests on Plaintiff on July 7, 2025, to which Plaintiff responded on August 18, 2025, pursuant to an agreed upon extension. Allstate intends to file tomorrow, October 3, 2025, a motion for a sixty (60) day extension for Allstate to substantially complete its document production, including ESI. Allstate has notified Plaintiff of its intention to file this motion. Allstate also intends to take Plaintiff's deposition at a later date.

## II. PENDING MOTIONS

On October 1, 2025, Plaintiff filed an Agreed Motion for an Order Approving Service of Process by Alternative Means on Navlan PR LLC and Ryan Blackman. [Dkt. 27]. Navlan PR LLC d/b/a InboundCD was the Allstate vendor that allegedly initiated the alleged prerecorded or artificial call to Plaintiff and transferred it to Allstate insurance agent, Karon King. Plaintiff has attempted to serve Navlan PR LLC and its principal Ryan Blackman, but has not been successful, as detailed in the motion. Allstate's counsel had only one conversation with Mr. Blackman which took place on August 29, 2025 via video conference. Allstate's counsel has emailed Mr. Blackman but he has not directly responded.

## III. SETTLEMENT

The Parties have not engaged in any settlement discussions to date. Plaintiff states that she needs information related to the class prior to engaging in settlement discussions.

Date: October 2, 2025

*/s/ Jeffrey Blake*
Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

*/s/ Jani Mikel*
JANI K. MIKEL
**AKERMAN LLP**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

**- and –**

RYAN ROMAN
** Admitted Pro Hac Vice*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Allstate Insurance Company*