**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000<br><br>Honorable Judge Matthew F. Kennelly |

**JOINT STATUS REPORT**

Plaintiff Kimberly Starling ("Plaintiff") and Defendant Allstate Insurance Company ("Allstate") (collectively, the "Parties") have conferred and hereby file this Joint Status Report per the Court's October 3, 2025 Order [Dkt. 29]. The Parties state as follows:

## I. PARTY DISCOVERY

The Parties are engaged in Party discovery. Plaintiff served her First Set of Discovery Requests on June 17, 2025, to which Allstate responded on July 30, 2025 as agreed upon between the Parties. Allstate has produced certain documents in a rolling production and has responded to Plaintiff's written discovery with objections and responses. After numerous meet and confers regarding Defendant's objections and responses, there remain certain issues that are subject to disputes among the Parties. The Court recently granted Defendant's request for an extension of the deadline to substantially complete production of documents to December 5, 2025. In the interests of efficiency, Plaintiff will await upcoming document productions from Defendant, third party Navlan PR LLC ("Navlan"), and Ryan Blackman before determining whether any issues require resolution by the Court.

Defendant served its discovery requests on Plaintiff on July 7, 2025, to which Plaintiff responded on August 18, 2025. In accordance with the Court's order, Defendant is preparing to substantially complete its document production by December 5, 2025, subject to the objections made in its written responses, which have also been discussed in conferral conferences with Plaintiff's counsel.

Defendant states that based upon the information learned to date in discovery and representations made by Navlan, Defendant is unable to identify any evidence that the subject telephone number actually received the call referenced in the Complaint or that such call was made by Navlan or on behalf of Allstate. Therefore, Defendant intends to confer with Plaintiff regarding the filing of a motion requesting that the Court determine whether Plaintiff possesses an individual claim and whether she can therefore act as a purported class representative. Lastly, regarding depositions, Defendant intends to depose at minimum Plaintiff.

Plaintiff states that any motion by Defendant challenging Plaintiff's individual claim is premature. Plaintiff is still attempting to enforce subpoenas for documents and depositions as to Navlan and Blackman, and additional discovery on other third parties involved in placing the phone call at issue may be needed once such third parties are identified.

## II. THIRD PARTY DISCOVERY

Plaintiff has served several subpoenas for third parties, including: Deborah Naulls (the owner of the Allstate insurance agency Plaintiff's call was connected to), Karon King (the Allstate agent that spoke with Plaintiff), Ryan Daniel Blackman (the CEO of Navlan, the third-party company that transferred Plaintiff's call to Karon King), and Navlan. Plaintiff has also served subpoenas to Google LLC and GoDaddy.com in connection with Navlan. Plaintiff successfully served Karon King on August 19, 2025. His deposition took place on September 23, 2025. Ms.

Naulls's deposition was postponed until after the upcoming production from Defendant could be reviewed by Plaintiff's counsel.

Plaintiff has served subpoenas in accordance with the Court order granting leave to serve them by alternative means on Navlan and Blackman. [Dkt. 27, 29]. They have not responded to the subpoenas. The dates to comply with the subpoenas have passed, and Plaintiff is prepared to commence a proceeding to enforce the subpoenas in the District of Puerto Rico. However, on November 26, 2025, Plaintiff received a letter from an attorney purporting to represent Navlan and Blackman. On November 26 and December 1, Plaintiff wrote by email a request for the attorney's availability to meet and confer to discuss Navlan's and Blackman's compliance with the subpoenas in the hopes of resolving any issues prior to the deadline to submit this status report. However, on December 3, the attorney responded stating his earliest availability was December 8.

## III. PENDING MOTIONS

There are no motions pending at this time. However, Plaintiff foresees the potential for a need to commence a proceeding in the United States District Court for the District of Puerto Rico to enforce the subpoenas served on Navlan and Blackman. In addition, after reviewing the upcoming document production from Defendant, there may be a need to ask the Court to resolve one or more outstanding issues concerning Defendant's responses and objections to written discovery. For the reasons stated above, Defendant also foresees bringing a motion regarding the deficiencies of Plaintiff's individual claims and challenges to class certification.

## IV. SETTLEMENT

The Parties have not engaged in any settlement discussions to date.

Date: December 4, 2025

*/s/ Jeffrey Blake*
Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

*/s/ Jani Mikel*
JANI K. MIKEL
**AKERMAN LLP**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

**- and –**

RYAN ROMAN
* *Admitted Pro Hac Vice*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Allstate Insurance Company*