**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000<br><br>Honorable Judge Matthew F. Kennelly |

# JOINT STATUS REPORT

Plaintiff Kimberly Starling ("Plaintiff") and Defendant Allstate Insurance Company ("Allstate") (collectively, the "Parties") have conferred and hereby file this Joint Status Report per the Court's December 6, 2025 Order [Dkt. 33]. The Parties state as follows:

## I. PARTY DISCOVERY

The Parties are engaged in discovery. Plaintiff served her First Set of Discovery Requests on June 17, 2025, to which Allstate responded on July 30, 2025, as agreed upon between the Parties. Allstate has produced certain documents in a rolling production and has responded to Plaintiff's written discovery with objections and responses. After numerous meet and confers regarding Defendant's objections and responses, there remain certain issues that are subject to disputes among the Parties. The Court recently granted Defendant's request for an extension of the deadline to substantially complete production of documents to December 5, 2025.

Defendant served its discovery requests on Plaintiff on July 7, 2025, to which Plaintiff responded on August 18, 2025. On December 5, 2025, Defendant produced what it has represented is the substantial production. On December 24, 2025, Defendant served its privilege log. Plaintiff

has reviewed the document production and is presently reviewing the privilege log. The parties are in the process of conferring regarding issues relating to the production, and Plaintiff's discovery requests generally, to determine whether the issues can be resolved without seeking court intervention. These issues include, but are not limited to, the production of Defendant's telephone records from its carrier showing the transfer of the call from its vendor to its agent and the production of emails from Defendant's vendor to its agents that are sent in real time when transferring calls. Defendant disputes that the records sought by Plaintiff would contain the information sought or would be responsive to the requests at issue.

## II. THIRD PARTY DISCOVERY

In coordination with Defendant, on January 8, 2026, Plaintiff served a third-party subpoena for documents to Plaintiff's wireless carrier requesting documents and records pertaining to the call Plaintiff alleges to have received, and its origins. Plaintiff has produced a recording of the call evidencing that she received a prerecorded call that was transferred to Defendant's agent, Karon King. Defendant has raised arguments that the vendor at issue did not call Plaintiff's telephone number. Plaintiff is seeking her phone records to confirm the calling information. Plaintiff has requested that Defendant produce its underlying telephone records or identify the carrier and phone number Defendant's vendor transferred the call to so that Plaintiff may subpoena that carrier. To date, Defendant has not produced that information and Plaintiff has not been able to issue the subpoena. Defendant disputes that the records sought by Plaintiff would contain the information sought or would be responsive to the requests at issue.

Plaintiff has also served several subpoenas for third parties, including: Deborah Naulls (the owner of the Allstate insurance agency Plaintiff's call was connected to), Karon King (the Allstate agent that spoke with Plaintiff), Ryan Daniel Blackman (the CEO of Navlan, the third-party

company that transferred Plaintiff's call to Karon King), and Navlan. Plaintiff has also served subpoenas to Google LLC and GoDaddy.com in connection with Navlan. Plaintiff successfully served Karon King on August 19, 2025. His deposition took place on September 23, 2025. Ms. Naulls's deposition was postponed until after the upcoming production from Defendant could be reviewed by Plaintiff's counsel. It has not taken place to date. It will be scheduled after the parties resolve certain discovery disputes related to the production.

Plaintiff has served subpoenas in accordance with the Court order granting leave to serve them by alternative means on Navlan and Blackman. [Dkt. 27, 29]. On November 26, 2025, Plaintiff received a letter from an attorney purporting to represent Navlan and Blackman and asserting objections to the subpoenas. On December 8, 2025, a telephone conference was held. Plaintiff and InboundCD and Blackman are presently meeting and conferring regarding the subpoenas.

## III. PENDING MOTIONS

There are no motions pending at this time. However, Plaintiff foresees the potential for a need to commence a proceeding in the United States District Court for the District of Puerto Rico to enforce the subpoenas served on Navlan and Blackman. In addition, after reviewing the upcoming document production from Defendant, there may be a need to ask the Court to resolve one or more outstanding issues concerning Defendant's responses and objections to written discovery. For the reasons stated above, Defendant also foresees bringing a motion regarding the deficiencies of Plaintiff's individual claims and challenges to class certification.

## IV. SETTLEMENT

The Parties have not engaged in any settlement discussions to date.

Date: January 16, 2026

*/s/ Max S. Morgan*
Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

*/s/ Jani Mikel*
JANI K. MIKEL
**AKERMAN LLP**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

**- and –**

RYAN ROMAN
* *Admitted Pro Hac Vice*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Allstate Insurance Company*