**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000<br><br>Honorable Judge Matthew F. Kennelly |

**JOINT STATUS REPORT**

Plaintiff Kimberly Starling ("Plaintiff") and Defendant Allstate Insurance Company ("Allstate") (collectively, the "Parties") have conferred and hereby file this Joint Status Report per the Court's January 26, 2026 Order [Dkt. 37]. The Parties state as follows:

## I. PARTY DISCOVERY

On December 5, 2025, Defendant produced what it has represented is the substantial production responsive to Plaintiff's discovery requests. On December 23-24, 2025, Defendant served thousands of additional pages of documents and its privilege log. The parties are in the process of conferring regarding additional issues relating to the production, and Plaintiff's discovery requests generally, to determine whether the issues can be resolved without seeking court intervention. For example, Defendant has agreed to search in and produce documents relating to two programs used in connection with the call that was placed to Plaintiff—Allstate's Lead Management System and Allstate's Quoting System.

The Parties are conferring about additional issues. Allstate's production included over 20,000 pages of documents, the large majority of which were completely redacted with an

indication of "PII Redacted." Allstate's privilege log does not indicate why documents are being redacted or withheld from production as "PII Redacted." Plaintiff has asked Defendant for clarification as to why Defendant redacted the majority of its production in this way, given that there is an Agreed Confidentiality Order in place that would protect personal identifying information. [*See* Dkt. 26]. Plaintiff has not yet received a response from Defendant on this issue. Allstate maintains that it redacted non-responsive PII relating to individuals who are wholly unrelated to this action, which is not prohibited by the Confidentiality Order. [*See id.*]. Notwithstanding, Allstate will confer with opposing counsel in good faith to resolve this matter to avoid court intervention.

In addition, a dispute currently exists regarding, as Plaintiff argues, Allstate's obligations under Rule 34 to produce certain records regarding the calling activities of its approved vendor, InboundCD, that Plaintiff alleges are within Allstate's control pursuant its contract with InboundCD.[1] Allstate maintains that it does not have possession, custody, or control over InboundCD's internal systems, and consequently, cannot produce documents and information solely within InboundCD's possession. Nevertheless, Allstate has requested that InboundCD produce responsive documents and communications to the extent that it exists orally, via emails and letters to InboundCD and its counsel, and most recently, in its Rule 45 subpoena to InboundCD. InboundCD has yet to respond to the subpoena. As such, Allstate will continue to pursue documents from InboundCD. Notwithstanding, as detailed below, Plaintiff has issued numerous subpoenas to third parties, including InboundCD, that may obviate the need to seek court intervention on this issue, which may be more efficient.

[1] It is Plaintiff's understanding that InboundCD remains an active vendor of Allstate.

Plaintiff deposed Karon King on September 23, 2025, and Deborah Naulls on February 12, 2026. Mr. King was the employee at the Debroah Naulls Agency that the call involving Ms. Starling was transferred to. Mr. King testified that he believed InboundCD, an approved Allstate vendor, transferred Plaintiff's call to him. Ms. Naulls testified that she also believed that Plaintiff's call was transferred to her agency (and Mr. King) by InboundCD. Specifically, Ms. Naulls testified that it could not have been any other vendor because her office was not receiving inbound lead transfers from other vendors on the day in question. She also testified that InboundCD had a portal she could use to access the lead information for the calls transferred to her. Ms. Naulls, a retired Allstate agent owner, no longer has access to this information. Allstate has maintained that it cannot access this portal as Ms. Naulls set up the portal directly with InboundCD and independent of Allstate. Consequently, Allstate asserts that it cannot produce documents from the portal.

The parties are conferring regarding the scheduling of the depositions of Plaintiff and Mary Beth Warner, a former Allstate employee. The dates currently proposed for these depositions are in March.

## II. THIRD PARTY DISCOVERY

In coordination with Defendant, on January 8, 2026, Plaintiff served a third-party subpoena for documents to Plaintiff's wireless carrier requesting documents and records pertaining to the call Plaintiff alleges to have received, its origins, and any indication that the call was transferred from some other number to Plaintiff's number.[2] Plaintiff's carrier has responded with records that confirm that the call was placed as alleged in the complaint from the 6963 telephone number. The call at issue appears on the records produced by Plaintiff's telephone carrier. Plaintiff's

[2] Defendant's vendor, InboundCD claims that it did not call Plaintiff's telephone number and has suggested that they may have called a different number that forwarded to Plaintiff's telephone number.

investigation revealed that the 6963 telephone number was serviced by Telnyx LLC on the date of the phone call. Plaintiff immediately issued a subpoena to Telnyx, who identified the subscriber to the originating phone number as LeadGen Corp. Telnyx produced CDRs for the 6963 number which do not include a record of the call to Plaintiff's number from the 6963 number on the date and time at issue. Plaintiff is following up with Telnyx, LLC regarding the CDRs and available information regarding any calls placed to Plaintiff by LeadGen Corp. Plaintiff is also following up with Telnyx, LLC to understand if the number that appeared on Plaintiff's telephone have been "spoofed."[3] Plaintiff seeks to confirm whether the call was actually placed to Plaintiff from the 6963 telephone number, or from some other "spoofed" telephone number. LeadGen Corp. is located in the Philippines. Plaintiff is currently investigating how to effect service of process on LeadGen Corp. and its principal through the Hague Convention, and investigating her other options in obtaining the relevant information from LeadGen Corp. or others, including LeadGen Corp's relationship with InboundCD (if any) and its involvement or non-involvement in this matter based on the records obtained from Telnyx.

In addition, Plaintiff has issued a subpoena to the carrier of the phone number used by the Deborah Naulls Agency to accept transfer lead calls from InboundCD. Plaintiff is seeking identifying information and CDRs of the party responsible for transferring the call to the Deborah Naulls Agency. Plaintiff anticipates that the phone records of the Deborah Naulls Agency may show the telephone number actually used to place the call to Plaintiff. The due date for compliance with that subpoena is next week. Plaintiff hopes to cross-reference the various CDR records to determine

[3] Spoofing is the practice of configuring the Caller ID to show a number that is different that the number that is actually placing the call. This is illegal under 47 U.S.C. § 227(e).

who most readily can provide accurate CDRs in the matter covering the proposed class, and other information relevant to the claims and defenses in this case.

After a diligent effort, Plaintiff has served subpoenas to InboundCD and its principal, Ryan Blackman, on October 3, 2025, requiring answers in late October and early November 2025. [Dkt. 27, 29]. In late November 2025, they provided untimely responses to these subpoenas and asserted objections. However, in January, they produced a small set of documents that they claim proves that they were not involved in placing or transferring the phone call at issue. Plaintiff believes the documents raise questions surrounding InboundCD's participation in the call but do not support InboundCD's claims that the documents exonerate InboundCD, especially given Mr. King and Ms. Naull's testimony. Plaintiff has reached out to the lawyer representing InboundCD numerous times following up in an effort to avoid the need to litigate a motion to compel in Puerto Rico. As of the filing, Plaintiff has received no response to these communications. As a result, Plaintiff is initiating a miscellaneous action to enforce the subpoenas forthwith.

## III. SETTLEMENT

The Parties have not engaged in any settlement discussions to date, although Allstate suggests that, given the documentation from third party Telnyx that the phone call did not occur as alleged in the Complaint, a mediation of Plaintiff's individual claims may be warranted at this time, particularly in light of the expensive and time consuming international third party discovery that Plaintiff suggests she intends to pursue. While Plaintiff is generally open to settlement discussions, Plaintiff disagrees that the Telnyx documents are dispositive, especially in light of the fact that the calling number may have been "spoofed". Plaintiff has produced a recorded version of the call she received that connected her directly to the Deborah Naulls Allstate Agency.

Date: February 20, 2026

*/s/ Max S. Morgan*
Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

*/s/ Jani Mikel*
JANI K. MIKEL
**AKERMAN LLP**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

**- and –**

RYAN ROMAN
** Admitted Pro Hac Vice*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Allstate Insurance Company*