**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000<br><br>Honorable Judge Matthew F. Kennelly |

**JOINT STATUS REPORT**

Plaintiff Kimberly Starling ("Plaintiff") and Defendant Allstate Insurance Company ("Allstate") (collectively, the "Parties") have conferred and hereby file this Joint Status Report per the Court's February 27, 2026 Order [Dkt.39]. The Parties state as follows:

## I. PARTY DISCOVERY

Defendant agreed to search in and produce documents relating to two programs used in connection with call that was placed to Plaintiff—Allstate's Lead Management System and its Quoting System. On March 6, 2026, Defendant made a production of documents relating to these systems. Plaintiff avers that the files contained abbreviated headings with indiscernible acronyms and titles. Plaintiff immediately followed up with Defendant to obtain keys and translations regarding these fields of data. Plaintiff may require a corporate representative deposition on the topics concerning the files, data retention practices, and the meaning of the fields of data stored in the various files produced.

A dispute exists regarding Allstate's obligations under Rule 34 to produce certain records regarding the calling activities of its vendor, InboundCD, that Plaintiff alleges are within Allstate's

control pursuant its contract with InboundCD. However, as detailed below, Plaintiff has issued numerous subpoenas to third parties that may obviate the need to seek court intervention on this issue, which may be more efficient. Allstate responds that it has made requests to the vendor for documents pursuant to the contract and otherwise, and that the vendor has produced some but not all of the requested documents. Allstate is continuing to seek further documents from the vendor and has not opposed Plaintiff's efforts to serve and enforce its subpoena for documents directly from the vendor.

Plaintiff deposed Karon King on September 23, 2025, and Deborah Naulls on February 12, 2026, both employees of the Deborah Naulls Agency. Ms. King and Ms. Naulls testified that they believed that Plaintiff's call was transferred to the agency by InboundCD.

On March 20, 2026, Plaintiff deposed Mary Beth Warner, a former Allstate employee. During her deposition, an issue arose regarding alleged historical investigations into InboundCD—including an alleged FCC investigation. Plaintiff showed Ms. Warner a complaint filed in 2020 by a former Inbound CD employee against Inbound CD that alleged wrongful termination and that Ms. Warner was involved in prior FCC investigations into claims that InboundCD violated the TCPA. Neither Allstate nor Ms. Warner were named as Defendants in the dispute between InboundCD and its former employee. Ms. Warner testified that she did not recall the alleged investigations, nor did she recall InboundCD. Plaintiff had requested documents regarding prior complaints and investigations in Plaintiff's First Set of Discovery Requests to Defendant issued on June 17, 2025. Defendant did not produce documents concerning the alleged complaints and investigations referenced in Ms. Warner's deposition. After the deposition, Plaintiff requested that Defendant go back and search for responsive documents concerning investigations and complaints into InboundCD's telemarketing practices involving Allstate. Defendant indicated that it would conduct a reasonable search proportionate to the needs of the case. However, to the extent that documents

exist and can be located, Allstate reserves the right to object to such records as outside of the relevant time period, as they pre-date the class period identified in the Complaint filed in this action and, upon information and belief, date back to 2020.

Plaintiff's position regarding Allstate's objection regarding the FCC investigations and complaints that InboundCD was violating the TCPA is that those documents are relevant and proportional even if they were sent to Allstate just before the class period in this matter. If Allstate knew (or should have known but failed to investigate into) whether InboundCD or other companies operated by Ryan Daniel Blackman were violating the TCPA in 2020 or earlier, that would be evidence tending to prove vicarious liability under a theory of ratification, and also go to whether Allstate willfully or knowingly violated the TCPA with respect to Plaintiff's and class members' claims when Allstate continued to allow InboundCD to place calls on its behalf.

Plaintiff's deposition is scheduled for March 31, 2026.

## II. THIRD PARTY DISCOVERY

Ms. Naulls confirmed that her agency used Spectrum for phone service. Plaintiff subpoenaed Charter Communications, Inc. for call logs for the month of July 2024 for the lines assigned to her agency. After the deadline to respond to the subpoena passed, and Plaintiff making numerous attempts to contact Spectrum, a Spectrum representative responded to Plaintiff stating that they would not respond unless provided with a court order or a signed authorization form from the subscriber. Plaintiff procured the required consent from Ms. Naulls and forwarded the form to Spectrum. Spectrum then demanded payment before it would produce the records. Plaintiff mailed the check on March 24, 2026, and received the files later that day. The logs show a phone call consistent with the timestamp, call terminating number, and duration of the call alleged in the Complaint. The originating number on the logs is the same number currently listed on InboundCD's website, confirming that InboundCD

transferred the call. Plaintiff is following up on this and issuing subpoenas for call logs and subscriber information as to the originating phone number identified in the Spectrum call logs. Allstate is still reviewing Spectrum's production from yesterday, and neither disputes nor joins Plaintiff's characterization of what the documents show.

After a diligent effort, Plaintiff has served subpoenas to InboundCD and its principal, Ryan Blackman, on October 3, 2025, requiring answers in late October and early November 2025. [Dkt. 27, 29]. In late November, they provided untimely responses to these subpoenas and asserted objections. However, they produced a small set of documents that they claim proves that they were not involved in placing or transferring the phone call at issue. Plaintiff believes the documents raise questions surrounding InboundCD's participation in the call, but do not support InboundCD's claims that the documents exonerate it. Plaintiff has reached out to the lawyer representing InboundCD numerous times in an effort to avoid the need to litigate a motion to compel in Puerto Rico. As of the date of this filing, Plaintiff has received no response to these communications. Plaintiff has engaged local counsel in Puerto Rico and is attempting to re-serve InboundCD and Mr. Blackman with new deposition subpoenas, to eliminate any objections and obviate the need for a time consuming enforcement action.

## III. SETTLEMENT

The Parties have had some preliminary discussions on settlement and intend to continue those discussions over the next few weeks.

Date: March 25, 2026

*/s/__Max S. Morgan______________*
Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

*/s/ _Jani Mikel__________________*
JANI K. MIKEL
**AKERMAN LLP**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

**- and –**

RYAN ROMAN
** Admitted Pro Hac Vice*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Allstate Insurance Company*