# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant Allstate Insurance Company ("Allstate"), pursuant to Fed. R. Civ. P. 34, hereby serves its answers and objections to Plaintiffs' First Set of Requests for Production (each a "Request" and altogether the "Requests").

**PRELIMINARY STATEMENT**

The following statement applies to each Request and shall have the same force and effect as if fully set forth in the response to each Request.

Pursuant to Fed. R. Civ. P. 34(b)(1), and subject to any objection raised in response to each Request below, Allstate will produce responsive and non-privileged documents within a reasonable time following the execution of a mutually agreeable Stipulated Protective Order and ESI discovery plan, and subject to an agreement as to the time frame, custodians and search terms for ESI.

Allstate's responses to the Requests are made without waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status or admissibility as

Stipulated Protective Order is entered in this action. Allstate further objects to this Request to the extent it seeks documents in the public domain, which are equally accessible to Plaintiff.

Subject to and without waiving these objections, Allstate will produce non-privileged and non-public documents responsive to this Request.

**9. Produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate further objects to the extent the documents sought contain confidential or proprietary information, and Allstate will withhold producing such documents unless or until a Stipulated Protective Order is entered in this action. Allstate objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control.

Subject to and without waiving these objections, and pursuant to the parties entering into a Stipulated Protective Order, an agreed-upon ESI discovery plan, and an agreement as to the time frame, custodians and search terms for ESI, Allstate refers Plaintiff to its response to Plaintiff's Interrogatory No. 2 and its response to Plaintiff's Request No. 2 above. Answering further, Allstate will produce non-privileged documents responsive to this Request that reference or pertain to Plaintiff and/or the call at issue in this Action.

**10. Produce a copy of any call recordings of calls with Plaintiff that were transferred to you or any of your agents by any third party.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate also objects to the extent the documents sought contain confidential or proprietary information, and

Allstate will withhold producing such documents unless or until a Stipulated Protective Order is entered in this action. Allstate further objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control.

Subject to and without waiving these objections, and pursuant to the parties entering into a Stipulated Protective Order, an agreed-upon ESI discovery plan, and an agreement as to the time frame, custodians and search terms for ESI, Allstate refers Plaintiff to its response to Plaintiff's Interrogatory No. 2 and its response to Plaintiff's Request No. 2 above. Answering further, Allstate will produce non-privileged documents responsive to this Request that reference or pertain to Plaintiff and/or the call at issue in this Action.

**11. Produce a copy of any call recordings of calls with any potential lead or customer that were transferred to you or any of your agents by any company that also transferred the call with Plaintiff to Karon King.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate also objects to the extent the documents sought contain confidential or proprietary information, and Allstate will withhold producing such documents unless or until a Stipulated Protective Order is entered in this action. Allstate further objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control.

Subject to and without waiving these objections, and pursuant to the parties entering into a Stipulated Protective Order, an agreed-upon ESI discovery plan, and an agreement as to the time frame, custodians and search terms for ESI, Allstate refers Plaintiff to its response to Plaintiff's Interrogatory No. 2 and its response to Plaintiff's Request No. 2 above. Answering further, Allstate

will produce non-privileged documents responsive to this Request that reference or pertain to Plaintiff and/or the call at issue in this Action.

**12. Produce any scripts you provided to any third party, reviewed, or approved for use by the third party or its partners or agents for the purposes of customer recruitment or lead generation.**

**<u>RESPONSE:</u>** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate further objects to the extent the documents sought contain confidential or proprietary information and Allstate will withhold producing such documents unless or until a Stipulated Protective Order is entered in this action. Allstate objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control, including but not limited to information from non-contracted vendors.

Subject to and without waiving these objections, and pursuant to the parties entering into a Stipulated Protective Order, an agreed-upon ESI discovery plan, and an agreement as to the time frame, custodians and search terms for ESI, Allstate refers Plaintiff to its response to Plaintiff's Interrogatory No. 2 and its response to Plaintiff's Request No. 2 above. Answering further, Allstate prohibits agents/agencies from placing pre-recorded calls. Consequently, Allstate does not provide scripts to them.

**13. Produce documents sufficient to show any instructions or directions you or your agents provided to any third party that provides you or your agents with live transfer calls.**

**<u>RESPONSE:</u>** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate further

objects to the extent the documents sought contain confidential or proprietary information and Allstate will withhold producing such documents unless or until a Stipulated Protective Order is entered in this action. Allstate objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control, including but not limited to information from non-contracted vendors.

Subject to and without waiving these objections, and pursuant to the parties entering into a Stipulated Protective Order, an agreed-upon ESI discovery plan, and an agreement as to the time frame, custodians and search terms for ESI, Allstate refers Plaintiff to its response to Plaintiff's Interrogatory No. 2 and its response to Plaintiff's Request No. 2 above. Answering further, Allstate will produce non-privileged documents responsive to this Request that reference or pertain to Plaintiff and/or the calls at issue.

**14. Produce all documents relating to any failure by you, or any third party, to abide by your policies relating to the making of outbound calls.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate further objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome as it seeks information regarding "***all documents***" relating to "***any failure by you, or any third party***" to ***"abide by your policies relating to making outbound calls***" without any limitations as to subject matter, time period, or geographical location. As drafted, this Request asks Allstate to recall and locate, to the extent it exists, documents relating to each and every vendor, employee, and/or agent who may have failed to abide by Allstate's various policies relating to making outbound calls since Allstate's inception. Such a request is neither proportional, practical, reasonable, narrowly tailored, nor within the scope of discovery as set forth in Rule 26(b)(1) of the

Federal Rules of Civil Procedure. This is particularly true where, as here, Plaintiff's complaint is solely based on only one alleged call, on one specific day, and allegedly initiated by a vendor with whom she has communicated prior to initiating this lawsuit. Further, this Request seeks information outside of Allstate's possession, custody, or control, including but not limited to information from non-contracted vendors.

Subject to and without waiving these objections, and pursuant to the parties entering into a Stipulated Protective Order, an agreed-upon ESI discovery plan, and an agreement as to the time frame, custodians and search terms for ESI, Allstate will produce non-privileged documents responsive to this Request that reference or pertain to Plaintiff and/or the calls at issue.

**15. Produce all documents relating to the failure, alleged failure, or possible failure of your vendors or agents to comply with any agreements, contracts, statements of work, policies or other instruction(s) related to outbound calls.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate further objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome as it seeks information regarding "***all documents***" relating to "***any failure, alleged failure, or possible failure***" made by ***any vendor or agents*** without any limitations as to subject matter, time period, or geographical location. As drafted, this Request asks Allstate to recall each and every vendor and/or agent who may have failed to abide by ***any portion*** of ***any of*** **[Allstate's]** ***policies, contracts, statements of work, agreements, or other instruction*** since Allstate's inception. Such a request is neither proportional, practical, reasonable, narrowly tailored, nor within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. This is particularly true where, as here, Plaintiff's complaint is solely based on only one allegedly call, on one specific day, and

alleged initiated by a vendor with whom she has communicated prior to initiating this lawsuit. Further, this Request seeks information outside of Allstate's possession, custody, or control, including but not limited to information from non-contracted vendors.

Subject to and without waiving these objections, and pursuant to the parties entering into a Stipulated Protective Order, an agreed-upon ESI discovery plan, and an agreement as to the time frame, custodians and search terms for ESI, Allstate will produce non-privileged documents responsive to this Request that reference or pertain to Plaintiff and/or the calls at issue.

**16. Produce all documents relating to complaints or do-not-call requests concerning outbound calls or text messages, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate further objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome as it seeks information regarding "***all documents***" relating to "***complaints or do-not-call requests concerning outbound calls or text messages***" as to subject matter, specific procedural posture (litigation or pre-litigation), time period, or geographical location. Such a request is neither proportional, practical, reasonable, narrowly tailored, nor within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. This is particularly true where, as here, Plaintiff's complaint is solely based on only one alleged call—not text messages—on one specific day, which Plaintiff claims was initiated a vendor with whom she communicated with prior to

initiating this lawsuit. Further, this Request seeks information outside of Allstate's possession, custody, or control, including but not limited to information from non-contracted vendors.

Subject to and without waiving these objections, and pursuant to the parties entering into a Stipulated Protective Order, an agreed-upon ESI discovery plan, and an agreement as to the time frame, custodians and search terms for ESI, Allstate will produce non-privileged documents responsive to this Request that reference or pertain to Plaintiff and/or the calls at issue.

**17. Produce all contracts or documents representing agreements with any Person that contacted the Plaintiff or made outbound telemarketing calls using Your name or for the purpose of selling Your products.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by the work product doctrine and/or attorney client privilege. Allstate further objects to the extent the documents sought contain confidential or proprietary information and Allstate will withhold producing such documents unless or until a Stipulated Protective Order is entered in this action.

Subject to and without waiving these objections, and pursuant to the parties entering into a Stipulated Protective Order, an agreed-upon ESI discovery plan, and an agreement as to the time frame, custodians and search terms for ESI, Allstate refers Plaintiff to its response to Plaintiff's Interrogatory No. 2 and its response to Plaintiff's Request No. 2 above. Answering further, Allstate will produce non-privileged documents responsive to this Request that reference or pertain to Plaintiff and/or the calls at issue.

**18. Produce all internal communications regarding any third party that contacted the Plaintiff, shared leads containing Plaintiff's contact information, or made outbound telemarketing calls on your behalf for the purpose of recruiting customers.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by the work product doctrine and/or attorney client privilege. Allstate further objects to the extent the documents sought contain confidential or proprietary information and Allstate will withhold producing such documents unless or until a Stipulated Protective Order is entered in this action.

Subject to and without waiving these objections, and pursuant to the parties entering into a Stipulated Protective Order, an agreed-upon ESI discovery plan, and an agreement as to the time frame, custodians and search terms for ESI, Allstate refers Plaintiff to its response to Plaintiff's Interrogatory No. 2 and its response to Plaintiff's Request No. 2 above. Answering further, Allstate will produce non-privileged documents responsive to this Request that reference or pertain to Plaintiff and/or the calls at issue.

**19. Produce all documents relating to insurance coverage for the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by the work product doctrine and/or attorney client privilege. Allstate further objects to the extent the documents sought contain confidential or proprietary information and Allstate will withhold producing such documents unless or until a Stipulated Protective Order is entered in this action.

Answering further, Allstate states that there are no documents responsive to this Request.

Subject to and without waiving these objections, and pursuant to the parties entering into a Stipulated Protective Order, an agreed-upon ESI discovery plan, and an agreement as to the time frame, custodians and search terms for ESI, Allstate will produce its TCPA and Do Not Call policies.

**22. Produce the call detail records and all documents containing any of the following information for each call that was placed by you or a third party whose identity is requested in Interrogatory No. 2, that utilized an artificial or prerecorded voice:**

**a. the date and time;**

**b. the caller ID;**

**c. the content/purpose of the call;**

**d. the campaign the call was associated with;**

**e. the result of the call;**

**f. identifying information for the recipient;**

**g. any recording of the call; and**

**h. any other information stored by the call detail records.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate further objects to the extent the documents sought contain confidential or proprietary information, and Allstate will withhold producing such documents unless or until a Stipulated Protective Order is entered in this action.

Subject to and without waiving these objections, Allstate refers Plaintiff to its response to Plaintiff's Interrogatory No. 2 and its response to Plaintiff's Request No. 2 above. As such, Allstate does not possess any documents responsive to this Request. Allstate's investigation continues. Allstate reserves the right to amend and/or supplement its response to this Request.

Allstate will withhold producing such documents unless or until a Stipulated Protective Order is entered in this action. Allstate objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control, including but not limited to non-contracted vendors.

Subject to and without waiving these objections, Allstate has not obtained any written statements, declarations, or affidavits from any person or entity regarding this Action. As such, Allstate does not possess any documents responsive to this Request. Allstate reserves the right to amend and/or supplement its response to this Request.

DATED: July 30, 2025.

Respectfully submitted,

**AKERMAN LLP**


*/s/ Jani K. Mikel*
**JANI K. MIKEL, ESQUIRE**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Primary Email: jani.mikel@akerman.com
Secondary Email: elida.asa@akerman.com

**— AND**

**RYAN ROMAN, ESQUIRE**
Florida Bar No. 25509
*Admitted Pro Hac Vice*
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Primary Email: ryan.roman@akerman.com
Secondary Email: sharon.luesang@akerman.com

*Counsel for Allstate Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 30, 2025, the foregoing document was served via electronic mail to the following counsel of record:

Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

*/s/ Jani K. Mikel*
**JANI K. MIKEL, ESQUIRE**
Illinois Bar No. 6331445