# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

Defendant Allstate Insurance Company ("Allstate"), pursuant to Fed. R. Civ. P. 34, hereby serves its responses and objections to Plaintiff's Second Set of Requests for Production (each a "Request" and altogether the "Requests").

## PRELIMINARY STATEMENT

The following statement applies to each Request and shall have the same force and effect as if fully set forth in the response to each Request.

Pursuant to Fed. R. Civ. P. 34(b)(1), and subject to any objection raised in response to each Request below, Allstate will produce responsive and non-privileged documents within a reasonable time following the execution of a mutually agreeable Stipulated Protective Order.

Allstate's responses to the Requests are made without waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status or admissibility as evidence, for any purpose, of any documents or information provided in response to the Requests; (b) the right to object on any ground to the documents or information produced in response to the

Requests at any hearing or trial; or (c) the right to object on any ground at any time to a demand for further responses to the Requests.

Neither the Requests nor Allstate's responses to the same shall be construed as admissions by Allstate that any fact or circumstance alleged in any Request occurred or existed or that Plaintiff's characterization of any facts or circumstances is correct. The responses herein reflect Allstate's present knowledge, information, and belief. These responses and objections are therefore set forth without prejudice to Allstate's right to supplement, revise, modify, correct, add to, or clarify the responses and objections set forth herein and the information provided hereto, should Allstate discover additional documents, information, or grounds for objection. Allstate reserves the right to rely on any facts, documents, evidence, or other contentions that may develop or come to its attention at a later time, and to supplement or amend the information contained in these responses, including objections, at any time before the trial in this action should additional or different information become available. Moreover, should Allstate at any time supplement or amend its responses to these Requests, by agreement or otherwise, Allstate expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplementation or amendment.

## DOCUMENT REQUESTS

**33. Produce all Allstate legally-approved scripts available on the ASVP site script library.**

**RESPONSE:** Allstate objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. As drafted, this Request seeks ***all*** legally approved scripts available to ***all*** select vendors without regard to time, a specific vendor, or use of any of the requested scripts, particularly as it relates to the call at issue. Moreover, there is no evidence that InboundCD dialed

Plaintiff's number nor used a ASVP script prior to transferring Plaintiff to Karon King. As such, this request is neither proportional, practical, reasonable, narrowly tailored, or within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Allstate requests that counsel meet and confer regarding the relevancy and scope of this request. Allstate reserves the right to amend and/or supplement its response to this Request.

**34. Produce all email communications sent from InboundCD and/or any of its agents or representatives to the email address "selectvendorprogram@allstate.com."**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate also objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome as it seeks information regarding "***all documents and/or communication***" between InboundCD and **"selectvendorprogram@allstate.com."** without any limitation to any discernable subject matter, time, or geographical location. Moreover, there is evidence which shows that InboundCD did not dial Plaintiff's number. As such, this request is neither proportional, practical, reasonable, narrowly tailored, or within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Allstate requests that counsel meet and confer regarding the relevancy and scope of this request. Allstate reserves the right to amend and/or supplement its response to this Request.

**35. Produce documents that refer or relate to the "online account management system" referenced at ALLSTATE_000006.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate further

objects to this Request on the grounds that it is overly broad and unduly burdensome because as draft it is not limited to a specific time nor specific custodian. Allstate objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control, including but not limited to information from Deborah Naulls, who is an independent contractor, and InboundCD, who is an independent third-party vendor. Moreover, there is evidence which shows that InboundCD did not dial Plaintiff's number. As such, this request is neither proportional, practical, reasonable, narrowly tailored, or within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Allstate requests that counsel meet and confer regarding the relevancy and scope of this request. Allstate reserves the right to amend and/or supplement its response to this Request.

**36. Produce documents that refer or relate to returns of leads and/or calls for credit referenced at ALLSTATE_000006.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control, including but not limited to information from Deborah Naulls, who is an independent contractor, and InboundCD, who is an independent third-party vendor. Moreover, there is evidence which shows that InboundCD did not dial Plaintiff's number. As such, this request is neither proportional, practical, reasonable, narrowly tailored, or within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Allstate requests that counsel meet and confer regarding the relevancy and scope of this request. Allstate reserves the right to amend and/or supplement its response to this Request.

**37. Produce all "scheduled scorecards" submitted to Allstate by InboundCD as referenced at ALLSTATE_000008.**

**<u>RESPONSE:</u>** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control. Moreover, there is evidence which shows that InboundCD did not dial Plaintiff's number. As such, this request is neither proportional, practical, reasonable, narrowly tailored, or within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Allstate requests that counsel meet and confer regarding the relevancy and scope of this request. Allstate reserves the right to amend and/or supplement its response to this Request.

**38. Produce all "monthly lead data transaction reports" submitted to Allstate by InboundCD as referenced at ALLSTATE_000008.**

**<u>RESPONSE:</u>** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control, including but not limited to information from Deborah Naulls, who is an independent contractor, and InboundCD, who is an independent third-party vendor. Moreover, there is evidence which shows that InboundCD did not dial Plaintiff's number. As such, this request is neither proportional, practical, reasonable, narrowly tailored, or within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Allstate requests that counsel meet and confer regarding the relevancy and scope of this request. Allstate reserves the right to amend and/or supplement its response to this Request.

**39. Produce all documents that refer or relate to compliance data provided to Allstate by InboundCD.**

**<u>RESPONSE:</u>** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control, including but not limited to information from independent contractors, independent vendors, and non-contracted vendors. Moreover, there is evidence which shows that InboundCD did not dial Plaintiff's number. As such, this request is neither proportional, practical, reasonable, narrowly tailored, or within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Allstate requests that counsel meet and confer regarding the relevancy and scope of this request. Allstate reserves the right to amend and/or supplement its response to this Request.

**40. Produce all emails from InboundCD and/or any of its agents or representatives sent to any Allstate agent and/or Allstate independent contractor insurance agency that include consumer or lead information.**

**<u>RESPONSE:</u>** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control, including but not limited to information from independent contractors, independent vendors, and non-contracted vendors. Moreover, there is evidence which shows that InboundCD did not dial Plaintiff's number. As such, this request is neither proportional, practical, reasonable,

narrowly tailored, or within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Allstate requests that counsel meet and confer regarding the relevancy and scope of this request. Allstate reserves the right to amend and/or supplement its response to this Request.

**41. Produce all reports sent to Allstate, any Allstate agent and/or Allstate independent contractor insurance agency by InboundCD.**

**<u>RESPONSE:</u>** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control. Allstate further objects to this request on the grounds that it is overly broad and vague as "reports" is an undefined term and it is unclear what specific documents are sought hereto, and it seeks such documents from ***any Allstate agent and/or Allstate independent contractor insurance agency***. Moreover, there is evidence which shows that InboundCD did not dial Plaintiff's number. As such, this request is neither proportional, practical, reasonable, narrowly tailored, or within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Allstate requests that counsel meet and confer regarding the relevancy and scope of this request. Allstate reserves the right to amend and/or supplement its response to this Request.

**42. Produce a copy of the template referenced at ALLSTATE_000029.**

**<u>RESPONSE:</u>** Subject to and without waiving its general objections, Allstate will not produce documents responsive to this Request and requests that counsel meet and confer regarding

the relevancy and scope of this request. Allstate reserves the right to amend and/or supplement its response to this Request.

DATED: November 3, 2025.

Respectfully submitted,

**AKERMAN LLP**

*/s/ Jani K. Mikel*

**JANI K. MIKEL, ESQUIRE**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Primary Email: jani.mikel@akerman.com
Secondary Email: elida.asa@akerman.com

**— AND**

**RYAN ROMAN, ESQUIRE**
Florida Bar No. 25509
*Admitted Pro Hac Vice*
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Primary Email: ryan.roman@akerman.com
Secondary Email: sharon.luesang@akerman.com

*Counsel for Allstate Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 3, 2025, the foregoing document was served via electronic mail to the following counsel of record:


Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com


*Counsel for Plaintiff and the Putative Classes*

*/s/ Jani K. Mikel*
**JANI K. MIKEL, ESQUIRE**
Illinois Bar No. 6331445