# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION**

Defendant Allstate Insurance Company ("Allstate"), pursuant to Fed. R. Civ. P. 34, hereby serves its responses and objections to Plaintiff's Third Set of Requests for Production (each a "Request" and altogether the "Requests").

## PRELIMINARY STATEMENT

The following statement applies to each Request and shall have the same force and effect as if fully set forth in the response to each Request.

Pursuant to Fed. R. Civ. P. 34(b)(1), and subject to any objection raised in response to each Request below, Allstate will produce responsive and non-privileged documents within a reasonable time subject to an agreement as to the time frame, custodians and search terms for ESI.

Allstate's responses to the Requests are made without waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status or admissibility as evidence, for any purpose, of any documents or information provided in response to the Requests; (b) the right to object on any ground to the documents or information produced in

proportional, practical, reasonable, narrowly tailored, nor within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Allstate states that it has produced all emails sent to and from Deborah Naulls that refer or relate to Plaintiff, (817) 689-6140, and InboundCD. Answering further, Allstate has neither knowledge nor possession of emails relating to leads provided by InboundCD to Deborah Naulls and therefore, Allstate has no responsive documents.

**47. Documents sufficient to show all information in any system referred to as "Lead Manager" that refers or relates to Plaintiff or (817) 689-6140.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate also objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome as it seeks information regarding "all documents sufficient to identify all information" in "any Allstate Lead Manager" that "refers or relates to" Plaintiff or (817) 689-6140 without any limitation to any discernable period. As such, this request is neither proportional, practical, reasonable, narrowly tailored, nor within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Allstate states that it will produce non-privileged documents responsive to this Request located within Allstate's Lead Manager system.

**48. Documents sufficient to identify all leads that originated from InboundCD that are contained in any system referred to as "Lead Manager."**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate also

objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome as it seeks information regarding "documents" sufficient to identify "all leads that originated from InboundCD" that are contained in "any system referred to as Lead Manager" without any limitation to any discernable period. Allstate further objects to this Request on the grounds that it is overly broad and unduly burdensome as leads from InboundCD are not automatically uploaded and/or stored in Allstate's Lead Manager. Any leads by InboundCD would have to be manually entered but as, Deborah Naulls testified, it was not her practice to always input this information manually in the system and lead originator is not automatically populated and must be entered, which is not always the case. Furthermore, Allstate's Lead Manager does not have a practical way of searching for all leads which may have originated from Inbound CD. As such, this request is neither proportional, practical, reasonable, narrowly tailored, or within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Allstate is willing to meet and confer in good faith regarding this Request. Allstate reserves the right to amend and/or supplement its response to this Request.

**49. Documents sufficient to identify all information in any Allstate quoting system that refers or relates to Plaintiff or (817) 689-6140.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate also objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome as it seeks information *regarding "all documents sufficient to identify all information" in "any Allstate quoting system" that "refers or relates to" Plai*ntiff or (817) 689-6140 without any limitation to any discernable period. Allstate further objects to this Request on the grounds that it is vague as to what specific programs or systems it is referring to. As such, this request is neither proportional,

practical, reasonable, narrowly tailored, or within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Allstate states that it will produce non-privileged documents responsive to this Request located within Allstate's quoting system.

**50. Documents sufficient to identify all leads that originated from InboundCD that are contained in any Allstate Quoting system.**

**RESPONSE:** Allstate objects to this Request to the extent that it seeks documents that are otherwise protected by attorney-client privilege and/or the work product doctrine. Allstate also objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome as it seeks information regarding "all documents" sufficient to identify "all leads that originated from InboundCD" that are contained in "any Allstate Quoting system" without any limitation to any discernable subject matter or period. Allstate further objects to this Request on the grounds that it is vague as to what specific programs or information sources it is referring to. Allstate further objects to this Request on the grounds that it is overly broad and unduly burdensome as leads from InboundCD are not automatically uploaded and/or stored in an Allstate quoting system. Quotes made from any lead by InboundCD would have to be manually entered but as, Deborah Naulls testified, it was not her practice to always input this information manually in the system and lead originator is not automatically populated and must be entered which is not always the case. Furthermore, Allstate's quoting system does not have a practical way to search for any potential leads which may originate from Inbound CD. As such, this request is neither proportional, practical, reasonable, narrowly tailored, nor within the scope of discovery as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

possession, custody, or control, including but not limited to information from Karon King, who works for an independent contractor.

Subject to and without waiving these objections, Allstate states that, to the extent it exists, Allstate will produce non-privileged documents responsive to this Request, limited to Allstate's Lead Manager and Allstate's quoting system.

Allstate reserves the right to amend and/or supplement its response to this discovery request.

DATED: March 6, 2026.

Respectfully submitted,

**AKERMAN LLP**

*/s/ Jani K. Mikel*

**JANI K. MIKEL, ESQUIRE**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Primary Email: jani.mikel@akerman.com
Secondary Email: elida.asa@akerman.com

**RYAN ROMAN, ESQUIRE**
Florida Bar No. 25509
*Admitted Pro Hac Vice*
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Primary Email: ryan.roman@akerman.com
Secondary Email: sharon.luesang@akerman.com

*Counsel for Allstate Insurance Company*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 6, 2026, the foregoing document was served via electronic mail to the following counsel of record:

Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

*/s/ Jani K. Mikel*
**JANI K. MIKEL, ESQUIRE**
Illinois Bar No. 6331445