# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant Allstate Insurance Company ("Allstate"), pursuant to Fed. R. Civ. P. 33, hereby serves its answers and objections to Plaintiff's Second Set of Interrogatories (each an "Interrogatory" and altogether the "Interrogatories").

## PRELIMINARY STATEMENT

The following statement applies to each Interrogatory and shall have the same force and effect as if fully set forth in the response to each Interrogatory.

Allstate's responses to the Interrogatories are made without waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status or admissibility as evidence, for any purpose, of any documents or information provided in response to the Interrogatories; (b) the right to object on any ground to the documents or information produced in response to the Interrogatories at any hearing or trial; or (c) the right to object on any ground at any time to a demand for further responses to the Interrogatories.

Neither the Interrogatories nor Allstate's responses to the same shall be construed as admissions by Allstate that any fact or circumstance alleged in any Interrogatory occurred or existed or that Plaintiff's characterization of any facts or circumstances is correct. The responses herein reflect Allstate's present knowledge, information, and belief. These responses and objections are therefore set forth without prejudice to Allstate's right to supplement, revise, modify, correct, add to, or clarify the responses and objections set forth herein and the information provided hereto, should Allstate discover additional documents, information, or grounds for objection. Allstate reserves the right to rely on any facts, documents, evidence, or other contentions that may develop or come to its attention at a later time, and to supplement or amend the information contained in these responses, including objections, at any time before the trial in this action should additional or different information become available. Moreover, should Allstate at any time supplement or amend its responses to these Interrogatories, by agreement or otherwise, Allstate expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplementation or amendment.

**INTERROGATORIES**

12. **Identify each Allstate agent and Allstate independent contractor insurance agency that utilized the services of InboundCD.**

**ANSWER:** Allstate objects to this Interrogatory to the extent that it seeks information that is otherwise protected by the work product doctrine and/or attorney client privilege. Allstate further objects to this Interrogatory on the grounds that it overly broad and unduly burdensome as it seeks information regarding individuals and entities without limitation as to subject matter or geographical scope. Allstate also objects to this Interrogatory to the extent it seeks information

that is outside of Allstate's possession, custody, or control, including but not limited to information from third party vendors and independent agents.

Answering further, Allstate states that it does not track or maintain a comprehensive list of any and all agents and/or independent agencies which have utilized InboundCD services during the relevant time period. Allstate maintains a Select Vendor Program, which includes vendors whom Allstate has approved to provide services to its independent agents and agencies. Independent agents and agencies can engage any approved vendor's services directly, without Allstate's approval or otherwise notifying Allstate. Allstate is neither directly involved nor has specific knowledge of the business relationship between the vendors and independent agents and agencies.

Allstate reserves the right to amend and/or supplement its response to this Interrogatory.

**13. Identify all consumer leads provided to any Allstate agent and/or Allstate independent contractor insurance agency by InboundCD.**

**ANSWER:** Allstate objects to this Interrogatory to the extent that it seeks information protected by the work product doctrine and/or attorney client privilege. Allstate further objects to this Interrogatory on the grounds that it overly broad and unduly burdensome as it seeks information regarding individuals and entities without limitation as to subject matter or geographical scope. Allstate also objects to this Interrogatory to the extent it seeks information that is outside of Allstate's possession, custody, or control, including but not limited to information from third party vendors and independent agents.

Allstate incorporates by reference its response to Interrogatory No. 12 hereto. Answering further, because Allstate does not maintain a comprehensive list of agents and/or agencies who have engaged InboundCD during the relevant time period, Allstate neither possesses, controls, nor has custody of "***all*** consumer leads provided to ***any*** Allstate agent and/or Allstate independent

contractor," by InboundCD. Notwithstanding, to the extent Allstate has possession, custody, and/or control of the consumer leads provided by InboundCD to Deborah Naulls Agency during the relevant time period (April 14, 2021 to present), Allstate will produce such non-privileged responsive documents in accordance with Rule 33(d) of the Federal Rules of Civil Procedure.

Allstate reserves the right to amend and/or supplement its response to this Interrogatory.

DATED: November 3, 2025.

Respectfully submitted,

**AKERMAN LLP**

*/s/ Jani K. Mikel*

**JANI K. MIKEL, ESQUIRE**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Primary Email: jani.mikel@akerman.com
Secondary Email: elida.asa@akerman.com

**— AND**

**RYAN ROMAN, ESQUIRE**
Florida Bar No. 25509
*Admitted Pro Hac Vice*
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Primary Email: ryan.roman@akerman.com
Secondary Email: sharon.luesang@akerman.com

*Counsel for Allstate Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 3, 2025, the foregoing document was served via electronic mail to the following counsel of record:

Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

*/s/ Jani K. Mikel*
**JANI K. MIKEL, ESQUIRE**
Illinois Bar No. 6331445