**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KIMBERLY STARLING, on behalf of herself and others similarly situated,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

Defendant.

Case No.: 1:25-CV-4000

Honorable Judge Matthew F. Kennelly

## PLAINTIFF'S MOTION FOR MODIFICATION OF CASE SCHEDULING ORDER

Plaintiff Kimberly Starling ("Plaintiff") respectfully moves the Court, pursuant to Fed. R. Civ. P. 16, to modify the Case Scheduling Order as follows:

| Task | Current deadline (ECF No. 19) | Proposed Deadline |
|---|---|---|
| Fact discovery deadline | May 6, 2026 | October 6, 2026 |
| Motion for Class Certification | June 5, 2026 | November 5, 2026 |

Plaintiff met and conferred with Defendant Allstate Insurance Company ("Defendant") prior to filing this motion, and Defendant stated that it would agree to the motion on the condition that (i) the only party discovery that occurs between now and November is a deposition of each party (Plaintiff and Allstate Rule 30(b)(6)), and (ii) there would be no restriction on third party discovery. Plaintiff cannot agree to limit her ability to conduct party discovery before the pending motion to compel discovery responses from Defendant and Plaintiff's motion to enforce subpoenas against Navlan PR, LLC d/b/a InboundCD ("InboundCD") and Ryan Blackman are decided. Therefore, this motion is opposed.

Good cause exists for granting the requested extension. Plaintiff has diligently pursued discovery. However, the progress of the case has been delayed because necessary discovery is required from uncooperative persons. Specifically, InboundCD—the vendor that transferred Plaintiff's call to Allstate agent Deborah Naulls—has been uncooperative, unresponsive, and the limited documents that it elected to provide (while refusing to accept service of subpoenas and refusing to be available for a deposition) are inconsistent with documentation obtained from third-party telephone carrier records. Plaintiff is currently seeking to enforce subpoenas upon InboundCD and its principal, Ryan Blackman, in a satellite litigation filed in the District of Puerto Rico. This third-party discovery is necessary to Plaintiff's forthcoming motion for class certification.

In addition, Allstate has objected to producing certain discovery related to a class consisting of other persons contacted by, or transferred by, InboundCD, relying on InboundCD's claims that it did not place a call to Plaintiff's phone number. Therefore, full discovery has been held up by InboundCD's unresponsiveness, and not as a result of any delay or bad faith of any Party. Defendant previously requested—and Plaintiff did not oppose—a two-month extension of the deadline to substantially produce documents, which the Court granted. ECF Nos. 30, 31.

WHEREFORE, Plaintiff respectfully requests that the Court grant her motion for modification of the case management schedule, and for such other relief as the Court deems just and appropriate.

*/s/ Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
7199 S. Kingery Highway, #1148
Willowbrook, Illinois 60627
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Counsel for Plaintiff and the Putative Classes*