**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000<br><br>Honorable Judge Matthew F. Kennelly |

## JOINT STATUS REPORT

Plaintiff Kimberly Starling ("Plaintiff") and Defendant Allstate Insurance Company ("Allstate") (collectively, the "Parties") have conferred and hereby file this Joint Status Report per the Court's May 6, 2026 Order [Dkt.55]. The Parties state as follows:

On May 6, 2026, the Court held an in-person hearing regarding Plaintiff's motion to compel. [*See id.*] The Court declined to defer class-related discovery and ordered the parties to confer in good faith in an attempt to reach an agreed resolution on the discovery issues. [*Id.*] The parties met and conferred on May 11, 2026. Below is a summary of the parties' positions with respect to the discovery requests at issue in Plaintiff's motion to compel.

***RFP 10:*** **Produce a copy of any call recordings of calls with Plaintiff that were transferred to you or any of your agents by any third party.**

***RFP 11:*** **Produce a copy of any call recordings of calls with any potential lead or customer that were transferred to you or any of your agents by any company that also transferred the call with Plaintiff to Karon King.**

| Plaintiff | Defendant |
|---|---|
| Plaintiff agreed to limit these requests to recordings of calls that were placed by or originated with InboundCD. Such recordings | Allstate is not presently aware of any recordings that were placed by or originated with InboundCD, particularly as it relates to the |

| | |
|---|---|
| are directly relevant to Plaintiff's and class members' experiences. Defendant advised that InboundCD has represented to Allstate that it does not have recordings, despite being contractually obligated to record calls. Allstate agreed to review its records to determine if InboundCD previously provided Allstate with recordings of calls.<br><br>Plaintiff requested that Allstate ask its agencies for any recordings of calls transferred by InboundCD and produce them. Allstate refuses to do so and has not sent preservation notices to agents. Allstate claims there are 27,000 agents, but does not identify which of these agents have used InboundCD. | call at issue. InboundCD has also represented that it does not have any recordings. Allstate did not speak to its contractual obligations regarding recordings; however, it did agree to review its records for responsive recordings, if any.<br><br>Plaintiff's request that Allstate ask its agencies for any recording of call(s) transferred by InboundCD remains overly broad and unduly burdensome given there are over 27,000 agents and Plaintiff seeks data going back to 2021. However, subject to those foregoing objections, as discussed below, Allstate has agreed to produce lead data information from InboundCD. As such, Plaintiff will receive the necessary information to subpoena specific agencies regarding recordings. |

***RFP 12:*** **Produce any scripts you provided to any third party, reviewed, or approved for use by the third party or its partners or agents for the purposes of customer recruitment or lead generation.**

***RFP 33*****: Produce all Allstate legally-approved scripts available on the ASVP site script library.**

| Plaintiff | Defendant |
|---|---|
| Plaintiff agreed to limit the request to the scripts referenced in the Agreement between Allstate and InboundCD. Allstate advises there were scripts compiled in a library at one time. Plaintiff submits such scripts should be produced as they are relevant to showing what Allstate made available to its vendors, Allstate's control over its vendors, and involvement in the calls. | Allstate has produced the screen script that InboundCD represented it uses during its calls as it does not call exclusively on behalf of Allstate. Allstate has also agreed to produce the Do Not Call script that is referenced in InboundCD's agreement with Allstate. Allstate is not presently aware of any other responsive scripts.<br><br>Allstate never advised that there is a script library. Rather, Allstate agreed to review its records to determine if there are any other scripts Allstate made available to InboundCD. |

***RFP 14*****: Produce all documents relating to any failure by you, or any third party, to abide by your policies relating to the making of outbound calls.**

***RFP 15*: Produce all documents relating to the failure, alleged failure, or possible failure of your vendors or agents to comply with any agreements, contracts, statements of work, policies or other instruction(s) related to outbound calls.**

| Plaintiff | Defendant |
|---|---|
| Plaintiff agreed to limit these requests to InboundCD. These documents are relevant to Allstate's knowledge of InboundCD's telemarketing violations on behalf of Allstate as well as Allstate's acquiescence to them.. Allstate refused to produce any documents and demanded that Plaintiff issue new discovery requests seeking information related to the government investigations pertaining to InboundCD. It is unclear if Allstate intends to produce documents in response to the new requests, which were served on May 19, 2026. | As advised to opposing counsel, and as stated in its response to Plaintiff's Motion to Compel, Allstate has produced communications and documentation responsive to these requests. Furthermore, Allstate's review continues and it will produce additional non-responsive documents to this request.<br><br>Notwithstanding, Allstate maintains its objection to alleged violations outside of the class period, prior to 2021. Allstate will serve responses to Plaintiff's Fourth Set of Discovery Requests. |

***RFP 16:* Produce all documents relating to complaints or do-not-call requests concerning outbound calls or text messages, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.**

| Plaintiff | Defendant |
|---|---|
| Plaintiff agreed to limit these requests to complaints/do-not-call requests concerning outbound calls or text messages that originated from InboundCD. These documents are relevant to Allstate's knowledge of InboundCD's telemarketing violations on behalf of Allstate as well as Allstate's acquiescence to them. These documents are highly relevant to vicarious liability and Allstate's knowledge of the violations. Allstate refused to produce any documents. | As stated above, Allstate has produced communications and documentation responsive to these requests. Furthermore, Allstate's review continues and it will produce additional non-responsive documents to this request.<br><br>Notwithstanding, Allstate maintains its objection to alleged violations outside of the class period, prior to 2021. Allstate also objects to communications relating to DNC requests or text messages as Plaintiff has maintained several times before this Court those are not included in the class issue. Allstate will serve responses to Plaintiff's Fourth Set of Discovery Requests |

***RFP 18*: Produce all internal communications regarding any third party that contacted the Plaintiff, shared leads containing Plaintiff's contact information, or made outbound telemarketing calls on your behalf for the purpose of recruiting customers.**

| Plaintiff | Defendant |
| --- | --- |
| Plaintiff agreed to limit these requests to internal communications regarding InboundCD. Allstate agreed to supplement its production. Allstate is refusing to search the emails of its agents. Allstate agents use email addresses that are managed by Allstate. Allstate has access to these email addresses. Communications between agents about InboundCD should be produced. These communications are likely to reveal what agents knew about InboundCD's practices. InboundCD's claim (indirectly advanced by Allstate) that it does not make calls exclusively on Allstate's behalf is hearsay and unsupported. The call to Plaintiff clearly stated that the caller was "Jen from Allstate." Allstate's reference to 27,000 agents is overbroad because Plaintiffs request that Allstate search only the agents that actually used InboundCD. Plaintiff needs to review Allstate's anticipated production before assessing whether this issue requires court attention. | As Allstate previously advised, InboundCD does not make calls exclusively on Allstate's behalf.<br><br>Plaintiff's request that Allstate collect and review potentially 27,000 agent email inboxes for internal communications regarding InboundCD remains overly broad and unduly burdensome given the sheer volume of Allstate agents and the four-year class period.<br><br>However, subject to those foregoing objections, as discussed below, Allstate has agreed to produce lead data information from InboundCD. As such, Plaintiff will receive the necessary information to narrow its requests appropriately. Allstate also agreed to add additional custodians to its ESI search, and will produce responsive non-privileged documents, if any. |

***RFP 22*: Produce the call detail records and all documents containing any of the following information for each call that was placed by you or a third party whose identity is requested in Interrogatory No. 2, that utilized an artificial or prerecorded voice: a. the date and time; b. the caller ID; c. the content/purpose of the call; d. the campaign the call was associated with; e. the result of the call; f. identifying information for the recipient; g. any recording of the call; and h. any other information stored by the call detail records.**

| Plaintiff | Defendant |
| --- | --- |
| Allstate has represented that it does not and never has had access to the InboundCD portal that is made available to Allstate's agents. Allstate admits that it received weekly/monthly transfer reports/lead reports from InboundCD. Allstate has agreed to produce the weekly/monthly transfer reports received from InboundCD. | Allstate maintains that it does not and never had access to the InboundCD portal. This representation was supported by deposition testimony. Allstate has agreed to produce the weekly and monthly lead data reports provided to Allstate by InboundCD. |

***RFP 34:* Produce all email communications sent from InboundCD and/or any of its agents or representatives to the email address "selectvendorprogram@allstate.com."**

| Plaintiff | Defendant |
| --- | --- |
| This email address is associated with complaint management and escalated complaints, including event summaries. Allstate agreed to search this Allstate email address and produce responsive information related to InboundCD. | Allstate disagrees with Plaintiff's summary of the purpose of this email address as it is inaccurate. Notwithstanding, Allstate has agreed to review and produce responsive non-privileged communications regarding InboundCD from this custodian, if any. |

***RFP 35:*** **Produce documents that refer or relate to the "online account management system" referenced at ALLSTATE_000006.**

***RFP 36*****: Produce documents that refer or relate to returns of leads and/or calls for credit referenced at ALLSTATE_000006.**

| Plaintiff | Defendant |
| --- | --- |
| The account management system allows for Allstate agents to return leads to InboundCD for various reasons, including bad lead info, non-consent, etc. The information is relevant to Allstate's knowledge regarding any issues, like lack of consent, with the Allstate leads. Allstate agreed to search for this information to determine if it is different than the "portal" Allstate does not have access to. If different, Allstate stated it would produce the records. | Allstate objects to Plaintiff's summary of the purpose and use of the online account management system.<br><br>Notwithstanding, Allstate is reviewing its records to determine if there are any non-privileged responsive documents regarding InboundCD and/or the return of leads from InboundCD. To the extent such documents exist, Allstate will produce them. |

***RFP 37:*** **Produce all "scheduled scorecards" submitted to Allstate by InboundCD as referenced at ALLSTATE_000008.**

***RFP 38:*** **Produce all "monthly lead data transaction reports" submitted to Allstate by InboundCD as referenced at ALLSTATE_000008.**

***RFP 39:*** **Produce all documents that refer or relate to compliance data provided to Allstate by InboundCD.**

| Plaintiff | Defendant |
| --- | --- |
| The agreement between Allstate and InboundCD requires InboundCD to submit "scorecards" in the format of an attachment provided by Allstate as well as transaction reports. Allstate agreed to investigate if these documents exist, and will produce them if they exist. Allstate also agreed to produce the lead data transaction reports, but noted they are weekly reports not monthly reports. Allstate | Allstate has agreed to produce the "scheduled scored cards," and "monthly lead data transaction reports," and other responsive non-privileged compliance data provided to Allstate by InboundCD. |

| | |
|---|---|
| will also be producing compliance data provided by InboundCD. | |

*RFP 40*: **Produce all emails from InboundCD and/or any of its agents or representatives sent to any Allstate agent and/or Allstate independent contractor insurance agency that include consumer or lead information.**

**RFP 41: Produce all reports sent to Allstate, any Allstate agent and/or Allstate independent contractor insurance agency by InboundCD.**

| Plaintiff | Defendant |
|---|---|
| Allstate has the ability to search its email servers for emails between InboundCD and its agents. Allstate refuses to do so and takes the position that InboundCD, not Allstate should produce this information. Plaintiff is attempting to obtain the information from InboundCD, but has been unsuccessful in her attempts. Allstate should therefore be compelled to produce it, given its vendor's evasiveness. The information sought by these requests may be used to identify class members. | As explained above, Allstate has over 27,000 agents. It is neither reasonable nor proportional for Allstate to collect, run searches, for all of these inboxes. Such a request on its face is overly broad and unduly burdensome.<br><br>Allstate objected to producing all emails between InboundCD and any of its agents, representatives, or independent contractors. However, subject to its foregoing objections, in good faith, Allstate agreed to add additional custodians to its ESI search, and will produce responsive non-privileged documents, if any. |

***RFP 42: Produce a copy of the template referenced at ALLSTATE_000029.***

| Plaintiff | Defendant |
|---|---|
| Allstate will produce this document. | Allstate will produce this referenced template. |

*RFP: 48*: **Documents sufficient to identify all leads that originated from InboundCD that are contained in any system referred to as "Lead Manager."**

*RFP 50*: **Documents sufficient to identify all leads that originated from InboundCD that are contained in any Allstate Quoting system.**

*Interrogatory No. 12*: **Identify each Allstate agent and Allstate independent contractor insurance agency that utilized the services of InboundCD.**

*Interrogatory No. 13*: **Identify all consumer leads provided to any Allstate agent and/or Allstate independent contractor insurance agency by InboundCD.**

| Plaintiff | Defendant |
|---|---|
| | As Allstate has previously explained to opposing counsel, Allstate agents are not required to use Lead Manager nor Allstate's |

| | |
|---|---|
| Plaintiff needs to review Allstate's anticipated production before assessing whether this issue requires court attention | quoting system. Even if an agent chooses to use such applications, the agent is not required to identify the vendor who provided the lead. Moreover, even if the vendor name is provided, Allstate is not presently aware of a direct/efficient manner to filter for the vendor of each lead. Allstate is neither being evasive nor refusing to participate in discovery in good faith. Rather, we are seeking an efficient and proportional manner to provide the sought after material in accordance with the limitations and protections of Rule 26 of the Federal Rules of Civil Procedure.<br><br>To that end, and subject to its foregoing objections, Allstate has agreed to produce monthly and weekly lead delivery and transfer reports provided by InboundCD to Allstate. These reports will show all leads provided to Allstate agents as well as all calls transferred to Allstate agents during the relevant time period. As such, Plaintiff will receive a means to determine if there are potential class members. |

Allstate anticipates serving a substantial production on or before June 1, 2026 and subsequent productions shortly thereafter. Additionally, Allstate will request responsive documents from InboundCD where appropriate.

Date: May 22, 2026

*/s/__Max S. Morgan______________*
Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

*/s/ _Jani Mikel___________________*
JANI K. MIKEL
**AKERMAN LLP**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

**- and –**

RYAN ROMAN
** Admitted Pro Hac Vice*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Allstate Insurance Company*