**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000<br><br>Honorable Judge Matthew F. Kennelly |

**JOINT STATUS REPORT**

Plaintiff Kimberly Starling ("Plaintiff") and Defendant Allstate Insurance Company ("Allstate") (collectively, the "Parties") have conferred and hereby file this Joint Status Report per the Court's June 1, 2026 Order [Dkt.57]. The Parties state as follows:

## I. Motion to Compel

On May 6, 2026, the Court held an in-person hearing regarding Plaintiff's motion to compel. [*See* Dkt. 55.] The Court declined to defer class-related discovery and ordered the parties to confer in good faith in an attempt to reach an agreed resolution on the discovery issues. [*Id.*] The parties met and conferred on May 11, 2026. On May 22, 2026, the Parties filed their Joint Status Report outlining their positions on the discovery requests at issue. [*See* Dkt. 56]. Defendant then produced responsive documents on May 29, 2026.

The Court held a telephonic status conference on June 1, 2026. [Dkt. 57]. During the conference, the parties requested time to review the production and determine what issues, if any remained

Below is a summary of the parties' positions with respect to the discovery requests at issue in Plaintiff's motion to compel.

***RFP 10:*** **Produce a copy of any call recordings of calls with Plaintiff that were transferred to you or any of your agents by any third party.**

***RFP 11:*** **Produce a copy of any call recordings of calls with any potential lead or customer that were transferred to you or any of your agents by any company that also transferred the call with Plaintiff to Karon King.**

| Plaintiff | Defendant |
|---|---|
| Allstate has not produced any recordings of calls with Plaintiff. Allstate also has not produced any recordings of calls transferred to any agencies by InboundCD. Allstate advised it would search for any recordings of calls by InboundCD that may have been reviewed during compliance reviews, but has not advised if such recordings have been located or if they exist.<br><br>Allstate produced excel files showing reports from InboundCD regarding calls transferred to Allstate agencies. Allstate has not provided any key to determine what agencies are listed. Thus, Plaintiff is unable to seek discovery from the agencies receiving transfer calls from InboundCD.<br><br>Allstate should be compelled to determine if it has any relevant recordings and produce them by a date certain. Allstate should also produce information sufficient to identify the agencies that received transfer calls from InboundCD. | Allstate does not possess any call recordings from InboundCD. InboundCD, as the vendor, is required to maintain these recordings. However, InboundCD has advised both parties that they do not have any call recordings.<br><br>As previously advised, Allstate produced records (weekly/monthly transaction reports) showing all call leads and transfers by InboundCD to Allstate's independent contractors. Given the large number of entries, and as proposed by Plaintiff's counsel, Allstate is agreeable to confer regarding starting with a sample set to determine what agents and corresponding agencies are listed so as to proceed in an effective and efficient manner. |

***RFP 12:*** **Produce any scripts you provided to any third party, reviewed, or approved for use by the third party or its partners or agents for the purposes of customer recruitment or lead generation.**

***RFP 33*****: Produce all Allstate legally-approved scripts available on the ASVP site script library.**

| Plaintiff | Defendant |
|---|---|
| It is unclear to Plaintiff if Allstate has produced all scripts available on the ASVP site script | As previously stated in the parties' May 22, 2026 Joint Status Report, Allstate has produced |

| | |
|---|---|
| library and any scripts reviewed, approved or provided to InboundCD (either directly or via its agencies). Plaintiff requests that Allstate be required to certify that all scripts available to InboundCD (either directly or via an Allstate agent) have been produced and that it is not withholding any documents based on any objection. | the screener script, which InboundCD represented it uses during its calls as InboundCD does not call exclusively on behalf of Allstate. Allstate also produced its Do Not Call script that is referenced in InboundCD's agreement with Allstate. Allstate is not aware of any other scripts it made available to InboundCD. |

***RFP 14*: Produce all documents relating to any failure by you, or any third party, to abide by your policies relating to the making of outbound calls.**

***RFP 15*: Produce all documents relating to the failure, alleged failure, or possible failure of your vendors or agents to comply with any agreements, contracts, statements of work, policies or other instruction(s) related to outbound calls.**

| Plaintiff | Defendant |
|---|---|
| Plaintiff agreed to limit these requests to InboundCD. These documents are relevant to Allstate's knowledge of InboundCD's telemarketing violations on behalf of Allstate as well as Allstate's acquiescence to them. Allstate refused to produce any documents and demanded that Plaintiff issue new discovery requests seeking information related to the government investigations pertaining to InboundCD.<br><br>Plaintiff issued new discovery requests and Allstate responded on June 17, 2026. Allstate did not produce any documents and objected to producing documents created prior to the class period or after its agreement with InboundCD was executed in November 2022.<br><br>Based on public litigation, Plaintiff is aware that the relationship between Allstate and InboundCD predates the class period and the agreement. Plaintiff believes some form of a government investigation into calls placed by InboundCD on behalf of Allstate occurred prior to 2020. Plaintiff believes Allstate is withholding documents and may be drawing a distinction between InboundCD and any of its predecessor entities. | As advised to opposing counsel, and as stated in its response to Plaintiff's Motion to Compel and in the parties previous May 22, 2026 joint status report, Allstate has produced communications and documentation responsive to these requests, including in its most recent production.<br><br>Allstate timely served its responses to Plaintiff's Fourth Set of Discovery Requests on June 17, 2026. In its responses, Allstate maintained its objection producing documents and communication relating to alleged violations outside of the class period, prior to 2021 and unrelated to the alleged improper behavior, use of prerecorded messages and artificial voice. Such requests are facially overly broad, unduly burdensome, and are unproportional to the needs of this case in violation of the Federal Rules of Civil Procedure.<br><br>Notwithstanding its objections, Allstate agreed to produce non-privileged documents and communication responsive to the Requests during the relevant time period and relating to the relevant subject matter, if any. |

| | |
|---|---|
| Allstate should be compelled to produce documents related to InboundCD failing to follow Allstate's policies and procedures, agreements, contracts, and the like. | |

***RFP 16:*** **Produce all documents relating to complaints or do-not-call requests concerning outbound calls or text messages, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.**

| Plaintiff | Defendant |
|---|---|
| Plaintiff agreed to limit these requests to complaints/do-not-call requests concerning outbound calls or text messages that originated from InboundCD. These documents are relevant to Allstate's knowledge of InboundCD's telemarketing violations on behalf of Allstate as well as Allstate's acquiescence to them. These documents are highly relevant to vicarious liability and Allstate's knowledge of the violations. Allstate refused to produce any documents.<br><br>Plaintiff issued new discovery requests and Allstate responded on June 17, 2026. Allstate did not produce any documents and objected to producing documents created prior to the class period or after its agreement with InboundCD was executed in November 2022.<br><br>Allstate should be compelled to produce documents related to InboundCD, without respect to time, as Allstate's knowledge of violations and complaints dating back many years is relevant. These documents are also relevant to vicarious liability and Allstate's knowledge of its vendor's practices. | As stated above, Allstate has produced communications and documentation responsive to these requests. Furthermore, Allstate's review continues and it will produce additional non-responsive documents to this request.<br><br>Allstate maintains its objection to alleged violations outside of the class period, prior to 2021. Allstate also objects to communications relating to DNC requests or text messages as Plaintiff has maintained several times before this Court those are not included in the class issue and go well beyond information needed for class certification.<br><br>Notwithstanding its objections, Allstate did agree to produce non-privileged documents and communication responsive to the Requests during the relevant time period and relating to the relevant subject matter, if any. |

***RFP 18*****: Produce all internal communications regarding any third party that contacted the Plaintiff, shared leads containing Plaintiff's contact information, or made outbound telemarketing calls on your behalf for the purpose of recruiting customers.**

| Plaintiff | Defendant |
| --- | --- |
| Plaintiff agreed to limit these requests to internal communications regarding InboundCD.<br><br>Allstate is refusing to search the emails of its agents. Allstate agents use email addresses that are managed by Allstate. Allstate has access to these email addresses. Communications between agents about InboundCD should be produced. These communications are likely to reveal what agents knew about InboundCD's practices and what was reported to Allstate.<br><br>Allstate has provided no information related to what burden, if any, there would be in performing keyword searches in emails related to InboundCD. And, Allstate knows which agencies received transfer calls from InboundCD and could narrow its search to just those agencies. While Allstate has produced some additional communications, it is unclear what was searched, if the production is complete, or if information is being withheld.<br><br>Allstate should be required to produce communications about InboundCD with the agents that received transfer calls from InboundCD. As discussed above, Allstate has not produced a key so that Plaintiff can determine what agencies received transfer calls from InboundCD to issue any discovery to those agencies. In addition, Allstate's proposed solution – that Plaintiff get the information from InboundCD is nonsensical. Plaintiff seeks internal Allstate communications about InboundCD. Allstate has not explained how or why a search would be burdensome, other than there are many agents. And, Allstate has the ability to determine how many of those agents used InboundCD's services. The search can be limited to those agents/agencies. | As Allstate previously advised, and InboundCD previously stated in its responsive communications, InboundCD does not make calls exclusively on Allstate's behalf.<br><br>Plaintiff's request that Allstate collect and review potentially 27,000 agent email inboxes for internal communications regarding InboundCD remains overly broad and unduly burdensome given the sheer volume of Allstate independent agents and the four-year class period.<br><br>However, subject to those foregoing objections, Allstate produced lead data information from InboundCD, specifically the monthly/weekly transaction reports which provide the request lead and transfer information. As such, Plaintiff received the necessary information.<br><br>Moreover, Plaintiff claims that the exercise is necessary to "reveal what agents knew about InboundCD's practices and what was reported to Allstate," is not accurate. As advised, Allstate collected from relevant custodians and general inboxes who receive, investigate, and/or compile information regarding InboundCD's practices and any potential issues with such practices. As such, the communications sought would be included in the documents already searched or currently being searched.<br><br>Lastly, Allstate received documents from InboundCD in response to its latest demand pursuant to its contract. Allstate has drafted a follow-up letter and shared it with Plaintiff's counsel so that they may include any additional requests for documents that they claim they have not obtained. Obtaining documents from InboundCD directly is the most efficient and proportional way to obtain the communications sought as opposed to seeking out 27,000 to obtain the information sought. |

***RFP 22*: Produce the call detail records and all documents containing any of the following information for each call that was placed by you or a third party whose identity is requested in Interrogatory No. 2, that utilized an artificial or prerecorded voice: a. the date and time; b. the caller ID; c. the content/purpose of the call; d. the campaign the call was associated with; e. the result of the call; f. identifying information for the recipient; g. any recording of the call; and h. any other information stored by the call detail records.**

| Plaintiff | Defendant |
|---|---|
| Allstate has represented that it does not and never has had access to the InboundCD portal that is made available to Allstate's agents. Allstate admits that it received weekly/monthly transfer reports/lead reports from InboundCD. Allstate produced the weekly/monthly transfer reports received from InboundCD. But, Allstate has not disclosed what agencies calls were transferred to.<br><br>Plaintiff is attempting to obtain the complete calling records from InboundCD via the pending subpoena enforcement action. | Allstate maintains that it does not and never has had access to the InboundCD portal made available to Allstate's independent agents.<br><br>Allstate produced the weekly/monthly transfer reports received directly from InboundCD, not through the InboundCD portal. Additionally, as stated above, Allstate is agreeable to confer regarding starting with a sample set to determine what agents and corresponding agencies are listed so as to proceed in an effective and efficient manner. |

***RFP 34:* Produce all email communications sent from InboundCD and/or any of its agents or representatives to the email address "selectvendorprogram@allstate.com."**

| Plaintiff | Defendant |
|---|---|
| Allstate agreed to produce documents in response to this request. Plaintiff does not believe any documents were produced.<br><br>Plaintiff requests that Allstate certify that it conducted a search of the email selectvendorprogram@allstate.com and that there were no responsive documents located. | Allstate has pulled and is currently reviewing emails from the custodian inbox selectvendorprogram@allstate.com for responsive non-privileged documents. As Allstate previously agreed, to the extent such documents exist, Allstate will produce such documents. |

***RFP 35:* Produce documents that refer or relate to the "online account management system" referenced at ALLSTATE_000006.**

***RFP 36*: Produce documents that refer or relate to returns of leads and/or calls for credit referenced at ALLSTATE_000006.**

| Plaintiff | Defendant |
|---|---|
| The account management system allows for Allstate agents to return leads to InboundCD for various reasons, including bad lead info, | Allstate objects to Plaintiff's summary of the purpose and use of the online account management system. |

| | |
|---|---|
| non-consent, etc. The information is relevant to Allstate's knowledge regarding any issues, like lack of consent, with the Allstate leads.<br><br>Upon review of the production, it does not appear any documents were produced. Plaintiff requests that Allstate certify that it conducted a search and that there were no responsive documents located. | Additionally, Allstate states that the weekly/monthly transaction reports state whether a lead was returned.<br><br>Notwithstanding, Allstate is reviewing its records to determine if there are any non-privileged responsive documents regarding InboundCD and/or the return of leads from InboundCD. To the extent such documents exist, Allstate will produce them. |

***RFP 37:*** **Produce all "scheduled scorecards" submitted to Allstate by InboundCD as referenced at ALLSTATE_000008.**

***RFP 38:*** **Produce all "monthly lead data transaction reports" submitted to Allstate by InboundCD as referenced at ALLSTATE_000008.**

***RFP 39:*** **Produce all documents that refer or relate to compliance data provided to Allstate by InboundCD.**

| Plaintiff | Defendant |
|---|---|
| Allstate produced monthly/weekly transaction reports and what appear to be "score cards"<br><br>Plaintiff requests that Allstate certify that all documents responsive to the request have been produced and that it is not withholding any documents based on any objection. | Allstate has produced all monthly and weekly transaction reports submitted by InboundCD to Allstate. Allstate has also produced the scheduled scorecards. Furthermore, Allstate produced compliance data provided by InboundCD to Allstate.<br><br>As stated below, Allstate will make subsequent productions, which may contain additional compliance data relating to InboundCD. |

***RFP 40*****: Produce all emails from InboundCD and/or any of its agents or representatives sent to any Allstate agent and/or Allstate independent contractor insurance agency that include consumer or lead information.**

**RFP 41: Produce all reports sent to Allstate, any Allstate agent and/or Allstate independent contractor insurance agency by InboundCD.**

| Plaintiff | Defendant |
|---|---|
| Allstate has the ability to search its email servers for emails between InboundCD and its agents. Allstate refuses to do so and takes the position that InboundCD, not Allstate should | Allstate produced the weekly/monthly reports showing all leads and transfers made by InboundCD. In these weekly/monthly reports, Plaintiff can see the name of the lead, their |

| | |
|---|---|
| produce this information. Plaintiff is attempting to obtain the information from InboundCD, but has been unsuccessful in her attempts. Based on the weekly/monthly reports Allstate produced, Allstate has the means to identify what agencies used InboundCD's services. Allstate should therefore be compelled to search those agencies and produce responsive information, given its vendor's evasiveness. The information sought by these requests may be used to identify class members. | corresponding telephone number, when the lead was obtained/transferred, and to whom. Additionally, as noted above, Allstate is agreeable to confer Allstate is agreeable to confer regarding starting with a sample set to determine what agents and corresponding agencies are listed.<br><br>As such, Plaintiff has all necessary information needed to determine if there are potential class members. It is neither necessary, reasonable nor proportional to the case to search 27,000 emails boxes (containing 4 years of emails) for the core information Allstate has already provided.<br><br>Additionally, in Allstate's proposed correspondence to InboundCD, Allstate is requesting information responsive to this Request as it is more efficient, reasonable, and proportional to request this information from InboundCD directly rather than seeking information for each and every one of Allstate's 27,000 independent agents. |

***RFP 42: Produce a copy of the template referenced at ALLSTATE_000029.***

| Plaintiff | Defendant |
|---|---|
| Allstate produced this document at: ALLSTATE_022505. | Allstate produced this document at: ALLSTATE_022505. |

*RFP: 48*: **Documents sufficient to identify all leads that originated from InboundCD that are contained in any system referred to as "Lead Manager."**

*RFP 50*: **Documents sufficient to identify all leads that originated from InboundCD that are contained in any Allstate Quoting system.**

*Interrogatory No. 12***: Identify each Allstate agent and Allstate independent contractor insurance agency that utilized the services of InboundCD.**

*Interrogatory No. 13***: Identify all consumer leads provided to any Allstate agent and/or Allstate independent contractor insurance agency by InboundCD.**

| Plaintiff | Defendant |
|---|---|
| Allstate produced monthly/weekly reports from InboundCD. It is unclear how many agencies used the services of InboundCD. Plaintiff believes that information from LeadManager or any similar system maintained by Allstate should be produced with respect to the lead data provided by InboundCD This information is relevant to show the accuracy of InboundCD's reports (i.e., matching names and numbers provided by InboundCD to those in Allstate's systems). | The monthly/weekly reports set forth how many agents used the services of InboundCD as each agent is identified by a unique identification number. The July 2024 monthly/weekly reports show that Starling's number was not a lead provided to any Allstate agent.<br><br>The veracity of the monthly/weekly reports is assessed and reviewed as shown in the monthly audit reports conducted by a third-party vendor previously produced in this case. Moreover, as advised previously, agents are not required to use Lead Manager. As such, there is no guarantee that each consumer lead will be in Lead Manager. As such, a line-by-line search of thousands of entries is neither necessary, reasonable, nor proportional to the needs of this case as required by Rule 26. |

As advised in the parties May 22, 2026 joint status report, Allstate served a substantial production on May 29, 2026. Allstate will serve supplemental productions as advised herein. Plaintiff requests that the Court require Allstate to produce documents by a date certain. Additionally, as noted above, Allstate has prepared additional requests for responsive documents from InboundCD where appropriate. Allstate, in good faith, is conferring with Plaintiff's counsel regarding its requests and, once finalized, will serve upon InboundCD accordingly.[1] [2]

[1] Plaintiff believes Allstate should enforce its subpoenas to InboundCD or issue new subpoenas to InboundCD. InboundCD has demonstrated it is not interested in voluntarily complying with requests for complete information or data. For example, InboundCD claims it did not call Plaintiff's telephone number, but refuses to identify what number it believes it called or any data to support its position that it called some other number and transferred the call to Allstate. Therefore, Plaintiff does not believe such a letter or informal request for complete information from InboundCD will be productive.

[2] Allstate disagrees with Plaintiff's position regarding its communications with Allstate given that such communications have proven successful. On March 30, 2026, Allstate served a correspondence on InboundCD requesting information responsive to certain requests, and InboundCD produced documents in response thereto. Allstate's expectation is they will again respond to this proposed subsequent requests.

## II. District of Puerto Rico Subpoena Enforcement Action

In May 28, 2026, Plaintiff filed a motion for leave to serve Navalan PR, LLC, and Ryan Black via alternative means. On May 29, 2026, the Court granted the motion allowing alternative service. On June 15, 2026, Navlan PR, LLC and Ryan Blackman filed a Special Appearance to Quash Service of Motion to Enforce Subpoenas. In the motion, Navlan and Blackman argue that Puerto Rico law procedural rules were not followed, namely that the rule provide for service through publication of a newspaper edict, which must be strictly observed and the email service, as ordered by the Court, is not effective. Plaintiff will file a response on or before June 29, 2026.

Date: June 18, 2026


*/s/ Max S. Morgan*
Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

*/s/ Jani Mikel*
JANI K. MIKEL
**AKERMAN LLP**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

**- and –**

RYAN ROMAN
** Admitted Pro Hac Vice*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Allstate Insurance Company*