**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:25-CV-4000<br><br>Honorable Judge Matthew F. Kennelly |

**JOINT STATUS REPORT**

Plaintiff Kimberly Starling ("Plaintiff") and Defendant Allstate Insurance Company ("Allstate") (collectively, the "Parties") have conferred and hereby file this Joint Status Report per the Court's September 22, 2026 Order [Dkt. 66].

On September 4, 2026, Allstate produced e-mail communications from the sample agencies' respective email inboxes (ALLSTATE-AGENCY-00000001-ALLSTATE-AGENCY-000018133). Plaintiff is still reviewing the production and intends to meet-and-confer with Defendant, should there be any need for follow-up discovery or discovery disputes related to the production. Plaintiff is in the process of drafting and issuing subpoenas to the five (5) Allstate Agencies that did not respond to Allstate's request.

Allstate also recently produced additional documents (ALLSTATE_022724-ALLSTATE_028970) that Plaintiff is reviewing. Plaintiff awaits an additional production from Allstate in the coming days. The parties are also meeting and conferring regarding certain of Plaintiff's discovery responses. On October 6, 2026, Plaintiff produced documents (STARLING 000018 to STARLING 001766). Allstate is still reviewing the production and intends to meet-and-

confer with Plaintiff, should there be any need for follow-up discovery or discovery disputes related to the production.

With respect to the subpoena enforcement action in Puerto Rico, the Court denied Defendant's Motion to Quash. Plaintiff has been attempting to schedule depositions and an agreed upon production date, however, InboundCD's counsel stopped communicating after advising his client is not available until November. Plaintiff is in the process of drafting a motion asking the Court to enter an order setting deposition dates. Plaintiff intends to ask the Court to transfer the matter to this Court, in the alternative. Plaintiff has discussed this with Counsel for Allstate and Counsel for Allstate does not oppose this request.

Once Plaintiff completes her review of the voluminous production, Plaintiff intends to take a Rule 30(b)(6) deposition of Allstate. In addition, Plaintiff intends to take some additional depositions of various employees of Allstate identified in its recent production, as well as certain Allstate agency representatives. Plaintiff recently requested one such deposition, but Allstate advised that the individual was deceased.

Date: October 16, 2026

/s/__Max S. Morgan_____________
Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Thomas A. Zimmerman, Jr.
Jeffrey D. Blake
Zimmerman Law Offices, P.C.
7199 S. Kingery Highway, #1148
Willowbrook, Illinois 60527
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com

*Counsel for Plaintiff and the Putative Classes*

/s/ _Jani Mikel________________
JANI K. MIKEL
**AKERMAN LLP**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

**- and –**

RYAN ROMAN
** Admitted Pro Hac Vice*
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Allstate Insurance Company*